AO 241 (Rev. 09/17)

FILED ___ LODGED
RECEIVED ___ COPY

JUL 29 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: | |
|---|---|---|
| Name (under which you were convicted): <br> EARL FELTON CRAGO | | Docket or Case No.: |
| Place of Confinement : ASPC - Lewis - Buckley <br> PO Box 3400 <br> Buckeye, AZ, 85326 | | Prisoner No.: <br> 115357 |
| Petitioner (include the name under which you were convicted) <br> EARL FELTON CRAGO | v. | Respondent (authorized person having custody of petitioner) <br> DAVID SHINN |
| The Attorney General of the State of: ARIZONA | | |

**PETITION**

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

Cochise County Superior Court

(b) Criminal docket or case number (if you know): CR 94000471

2.   (a) Date of the judgment of conviction (if you know): April 7, 1995

(b) Date of sentencing: August 21, 1995

3.   Length of sentence: Life

4.   In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☒ No

5.   Identify all crimes of which you were convicted and sentenced in this case:

Murder - 1st Degree

6.   (a) What was your plea? (Check one)

☒ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

☐ (2)   Guilty               ☐ (4)   Insanity plea

Page 2 of 16

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

     ☒ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

     ☒ Yes    ☐ No

8.    Did you appeal from the judgment of conviction?

     ☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: _Arizona Court of Appeal – Division Two_

(b) Docket or case number (if you know): _2 CA-CR 95-0488_

(c) Result: _Affirmed.  (See Exhibit B)_

(d) Date of result (if you know): _March 18, 1999_

(e) Citation to the case (if you know):

(f) Grounds raised: _Court error denying Judgment of acquital; Failure to disclose plea agreement of State's witness; Denied funds for expert; Ordered to pay attorney fees without indigency hearing._

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

    If yes, answer the following:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Result:

AO 241 (Rev. 09/17)

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: _Cochise County Superior Court_

(2) Docket or case number (if you know): _CR 94000471_

(3) Date of filing (if you know): _November 17, 1995_

(4) Nature of the proceeding: _1st Post Conviction Relief (PCR)_

(5) Grounds raised: _Ineffective Assistance of Counsel (IAC) at trial: Counsel failed to investigate and present evidence to support justifiable homicide defense put forward at trial._

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes    ☐ No

(7) Result: _Relief Denied. (See Exhibit E)._

AO 241 (Rev. 09/17)

(8) Date of result (if you know): *April 24, 2000*

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: *Cochise County Superior*

(2) Docket or case number (if you know): *CR 94000471*

(3) Date of filing (if you know): *May 29, 2001*

(4) Nature of the proceeding: *2nd PCR*

(5) Grounds raised: *IAC at 1st PCR; Failure to cite Record of Appeal (Trial Transcripts) to correct 1st PCR Court's mis-statement of material facts*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: *Summary dismissal*

(8) Date of result (if you know): *August 23, 2001*

(c) If you filed any *9th* petition, application, or motion, give the same information:

(1) Name of court: *Cochise County Superior Court*

(2) Docket or case number (if you know): *CR 94000471*

(3) Date of filing (if you know): *December 23, 2019*

(4) Nature of the proceeding: *9th PCR*

(5) Grounds raised: *1. Defendant continues to be in custody after his sentence has expired and there has been a significant change of law affecting his sentence, to wit, Chaparro V. Shinn, 248 Ariz 138 (March 5, 2020).*

*2. Trial counsel was ineffective for having defendant confess to crime to present a non-viable justifiable homicide defense. After defendant testified, the Court ruled justifiable homicide was not allowed based on defendant's testimony. 1st PCR counsel did not raise the claim in the 1st PCR. (See Exhibit J at 1).*

Page 5 of 16

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes    ☐ No

(7) Result: _1. Relief Granted in Full; 2. Summarily dismissed Issue precluded._

(8) Date of result (if you know): _October 29, 2020_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:     ☒ Yes    ☐ No

(2)  Second petition:   ☒ Yes    ☐ No

(3)  _9th_  petition:    ☒ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
_Superior Court Granted Relief in Full and Release From Prison._
_State Appealed. Court of Appeal Vacated Superior Court's Grant of Relief._
_Supreme Court of Arizona Denied Review on July 1, 2022._
_This Habeas Petition Follows._

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

   **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** _Denial of Due Process and Equal Protection_
_in Violation of 5th and 14th Amendments._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_See attached pages Nos. 17 - 22_

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 09/17)

**(c)**     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: _The Superior Court Amended the Judgment of Conviction on 10-29-2020. The Court of Appeal Amended the Judgment of Conviction a Second time on 3-25-2021 (Exhibit J at 6; Exhibit L (Respectively))._

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _9th PCR_

Name and location of the court where the motion or petition was filed:
_Cochise County Superior Court_

Docket or case number (if you know): _CR 94000471_

Date of the court's decision: _October 29, 2020_

Result (attach a copy of the court's opinion or order, if available): _Relief Granted in Full - Release From Prison Granted (Exhibit J at 6; Exhibit K at 1)._

(3) Did you receive a hearing on your motion or petition?     ☒ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☒ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Arizona Court of Appeal_

Docket or case number (if you know): _No. 2 CA-CR 2021-0011-PR_

Date of the court's decision: _March 25, 2021_

Result (attach a copy of the court's opinion or order, if available):
_Judgment of Conviction Amended to Harsher Term of Imprisonment. (See Exhibit L)._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** _Ineffective Assistance of Trial Counsel (IAC) in violation of the 6th and 14th Amendments._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_See attached page No. 23-27_

(b) If you did not exhaust your state remedies on Ground Two, explain why:
_Because counsel in the 1st PCR failed to Present this Substantial claim of IAC at trial in the 1st PCR, Arizona Rules of Criminal Procedure 32.2 (a)(2) and (3) Preclude Mr. Crago from raising the claim in Successive PCRS_

(c)　　**Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?　　☐ Yes　　☒ No

(2) If you did not raise this issue in your direct appeal, explain why: _Arizona requires IAC claims to be raised in the 1st PCR and generally does not allow them to be raised in a Direct Appeal. Martinez V. Ryan, 566 U.S. 1 (2012)_

(d)　　**Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　☒ Yes　　☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _9th PCR_

Name and location of the court where the motion or petition was filed:
_Cochise County Superior Court_

Docket or case number (if you know): _CR 94000471_

AO 241 (Rev. 09/17)

Date of the court's decision: _October 29, 2020_____

Result (attach a copy of the court's opinion or order, if available):
_Summary Dismissal For Issue Preclusion under Ariz. R. Crim. P. 32.2 (a)(2)(3)._
_(See Exhibit J at 6-7)._

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
_The claim is Precluded under Ariz. R. Crim. P. 32.2 (a)(2)(3)_
_for not being raised in 1st 1st PCR. The claim has never been_
_addressed on the merits._


(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Two :




**GROUND THREE:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏ Yes     ❏ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes     ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                        ☐ Yes        ☐ No

(4) Did you appeal from the denial of your motion or petition?              ☐ Yes        ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?   ☐ Yes      ☒ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them: Ground Two - IAC at trial was not presented

because Ariz. R. Crim. P. 32.2 (a)(2)(3) precludes a claim of IAC
at trial from being raised in a second/successive PCR. Mr.
Crago attempted to raise the claim in the 9th PCR and the
Court Summarily Dismissed the claim under 32.2 (a)(2)(3).

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?      ☒ Yes    ☐ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available. Petitioner does not have access to

these records, but knows the previous petitions were filed
in Arizona United States District Court in Tucson, AZ.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?      ☐ Yes    ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.

AO 241 (Rev. 09/17)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:   _James White_

(b) At arraignment and plea:   _James White_

(c) At trial:   _James White_

(d) At sentencing:   _Ralph Malanga_

(e) On appeal:   _Paul Newman_

(f) In any post-conviction proceeding:   _Harriette Levitt , John Lovell_
_Xochitl Orozco_

(g) On appeal from any ruling against you in a post-conviction proceeding:
_Harriette Levitt_
_John Lovell_
_Xochitl Orozco_

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ☐ Yes   ☐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*
_The State Court amended Mr. Crago's Judgment of conviction_
_on 10-29-20 and again on 3-25-21 (Exhibit J and L)._
_Pursuant to Magwood v. Patterson, 130 S.Ct 2788 (2010);_
_Wentzell v. Neven, 674 F.3d 1124 (9th Cir. 2012) Where the State_
_Court effectively amends the Petitioner's Judgment of conviction_
_the Petitioner need not obtain authorization from the court to_
_file a successive § 2254 habeas petition._

AO 241 (Rev. 09/17)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)  .  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

_See attached page No. 28_

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on  _July 22, 2022_  (date).

_Earl F. Enago, pro se_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

# FACTS

I. GROUND ONE

DENIAL OF DUE PROCESS ; DENIAL OF EQUAL PROTECTION
IN VIOLATION OF THE 5TH AND 14TH AMENDMENTS

MR. CRAGO WAS SENTENCED TO AN ILLEGALLY
LENIENT SENTENCE OF 25 FLAT YEARS WITH
A CONSECUTIVE 3 YEARS 7 MONTHS COMMUNITY
SUPERVISION FOR FIRST DEGREE MURDER.

1. The Arizona courts have held that the most legally
lenient sentence an adult convicted of 1st degree
murder can receive is "life" with permission to apply
for executive clemency after 25 calendar years served.
Lynch v. Arizona, 136 S.Ct 1818, 1819 (2016).

2. Mr. Crago was sentenced for first-degree murder to
"life" with the following terms for release:
"IT IS ORDERED: That the Defendant must serve every day
of twenty-five (25) years of the sentence imposed before
he is eligible for release

IT IS FURTHER ORDERED: That pursuant to ARS 13-603
(1), the Defendant will be required to do mandatory
community supervision sentence one day for every
seven days sentenced to, for a total of 3 years
7 months." (Exhibit A at 3).

3. The Arizona Superior court made the factual finding that the "mandatory" 3 years 7 months is one day for every seven days (15%) of 25 years. (Exhibit J at 2).

4. On October 29, 2020 the Arizona Superior Court ordered the Department of Corrections (DOC) to release Mr. Crago to community supervision. (Id. at 6, clarified at Exhibit K).

UNDER ARIZONA LAW AN ILLEGALLY LENIENT SENTENCE BECOMES FINAL AND BINDING IF THE COURT OR THE STATE DOES NOT TIMELY CORRECT OR APPEAL THE SENTENCE.

5. Ariz. R. Crim. P. 24.3(a) states that "No later than 60 days of the judgment and sentence [] the court may correct any unlawful sentence"

6. Arizona law holds that absent timely correction by the Court or appeal by the state, Arizona courts "do not have jurisdiction" to correct an illegally lenient sentence. Chaparro V. Shinn, 248 Ariz 138 (2020); State V. Dawson, 164 Ariz. 278, 286 (1990).

7. The state admits that it did not appeal and the court did not timely correct Mr. Crago's illegally lenient

18/

sentence, making Mr. Crago's sentence final and binding. (Exhibit J at 2).

### THE ARIZONA COURT OF APPEALS MADE AN UNTIMELY AND THUS UNLAWFUL AMENDMENT TO MR. CRAGO'S ILLEGALLY LENIENT SENTENCE.

8. IN 2011 the Arizona Court of Appeal held that the community supervision portion of Mr. Crago's sentence was "contrary to law" and "ADOCs removal of the erroneous imposition of community service" did not cause prejudice to Mr. Crago because he could still apply to the Board of Executive Clemency to "have the sentence commuted." (1) (Exhibit I at ¶¶ 9,10).

9. The court of Appeal further held that Mr. Crago waived the right to appeal the Court's/ADOCs unlawful amendment of his judgment of conviction because he did not raise the issue in successive uncounseled Post Conviction Relief Proceedings. (Id at ¶7).

1. Mr. Crago cannot legally apply for commutation of the sentence because the court of appeal made the factual finding that Mr. Crago's life sentence "was not clearly excessive" (Exhibit I at ¶5). ARS § 31-402 (C)(2) applicants seeking commutation must show the sentence imposed "is clearly excessive".

19/

THE ARIZONA SUPERIOR COURT AMENDED
MR. CRAGO'S JUDGMENT OF CONVICTION
TO REINSTATE MR. CRAGO'S ORIGINAL
SENTENCE UNDER A SIGNIFICANT
CHANGE OF LAW DEFINED BY CHAPARRO
V. SHINN, 248 ARIZ. 138 (2020).

10. At the completion of 25 years Mr. Crago filed for post conviction Relief (PCR) on the grounds that he was being held beyond his sentence expiration date; under the significant change of law in Chaparro v. Shinn, Id., the state court did not have jurisdiction to amend Mr. Crago's judgment of conviction to remove his "mandatory" release to community supervision after completing 25 years of imprisonment. (Exhibit J).

11. The court held an evidentiary hearing in which the state admitted it did not appeal Mr. Crago's original sentence and if Chaparro v. Shinn, Supra, was applied then Mr. Crago must be released from prison at the completion of 25 years. (Exhibit M).

12. The Superior Court held that Chaparro v. Shinn, Supra, was a significant change in Arizona law; Because the state did not appeal and the court did not correct Mr. Crago's illegally lenient sentence it was final and binding; The Court of Appeal did not have jurisdiction to amend Mr. Crago's judgment of confinement to harsher term of

imprisonment, and the ADOC must release Mr. Crago to the term of community Supervision as ordered by the original judgment of conviction. (Exhibit J at 2-6; Exhibit K at 1).

### THE ARIZONA COURT OF APPEALS UNLAWFULLY AMENDED MR CRAGO'S JUDGMENT OF CONVICTION TO A HARSHER TERM OF CONFINEMENT A SECOND TIME ON MARCH 25, 2021.

13. The State appealed the order to release Mr. Crago. The Court of Appeal held that Chaparro v. Shinn is not a change of law because Arizona law has always held that State courts do not have jurisdiction to correct illegally lenient sentences that were not timely appealed or corrected by the court within 60 days of judgment. The Court held Mr. Crago was precluded from appealing the ADOC's amendment to his judgment of conviction(2) and amended the judgment of conviction to remove the community Supervision provision from Crago's Sentence. (Exhibit L)

2. In 2011, the Arizona Court of Appeal stated that ADOC removed "the erroneous imposition of community Supervision" from Mr. Crago's judgment of conviction, the court of appeal simply upheld the ADOC's amendment to Mr. Crago's judgment of conviction. (Exhibit I at ¶ 11).

21/

THE STATE COURT VIOLATED MR. CRAGO'S
RIGHT TO DUE PROCESS AND EQUAL PROTECTION
UNDER THE 5TH AND 14TH AMENDMENTS

14. THE LAW IN ARIZONA HOLDS THAT THE STATE COURT DOES NOT HAVE JURISDICTION TO CORRECT MR. CRAGO'S ILLEGALLY LENIENT SENTENCE BECAUSE IT BECAME FINAL AND BINDING 60 DAYS AFTER IT ISSUED. See Chaparro V. Shinn, Supra, State V. Dawson, Supra

15. It does not matter if Chaparro V. Shinn was a significant change of law or whether the law has been established since State V. Dawson, supra, (1990), the important fact is that the law does not allow the Arizona Court of Appeals to amend Mr. Crago's sentence to a harsher term of imprisonment, and the court denied Mr. Crago due process and equal protection when, contrary to law, it amended Mr. Crago's judgment of conviction 16 years after judgment issued.

16. Mr. Crago has a liberty and or property interest in being released from prison. While the court of appeals said the 3 years 7 month community supervision term had no bearing on the life sentence, this simply isn't true. The term of community supervision capped Mr. Crago's life sentence at 25 years flat; 3 years 7 months is one day for every seven days of 25 years. (Exhibit J at 2).

II. GROUND TWO

INEFFECTIVE ASSISTANCE OF COUNSEL ("IAC") AT TRIAL
IN VIOLATION OF THE 6TH AMENDMENT AS DEFINED IN
STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984).

17. Petitioner Earl Felton Crago was convicted of 1st degree murder by jury trial in April of 1995. (Exhibit I at 1).

18. The only defense put forward at trial was self defense. (Exhibit E at 50 ln. 18-20).

19. Mr. Crago testified at trial that he was in an alter-cation with the victim, Mr. Crago could not flee the altercation because the ignition system in his car had been disabled, he shot the victim in the leg, the victim said "you're [] dead" and he ran to get a gun at which point Mr. Crago shot the victim twice in the back "to stop him" from getting a gun. (Exhibit C at 164-172).

20. A petition for post conviction relief ("PCR") was filed raising the claim of IAC at trial because defense counsel James White did not investigate or present evidence showing that Mr. Crago's car ignition system was disabled preventing him from fleeing the altercation thereby forcing him to shoot the victim in the back to stop him from getting a gun. The Court of Appeal ordered an evidentiary hearing on this issue. (Exhibit B at 32).

23/

21. The evidentiary hearing was held April 21, 2000, approximately five (5) years after trial finished on April 7, 1995. (Exhibits E at 1 and D at 1 Respectively).

22. Mr. White testified that for the purpose of presenting a self defense theory at trial he instructed Mr. Crago to testify he shot the victim in the back to stop him from getting a gun. (Exhibit E at 58, 76, 78, 81).

23. The judge said he had not read the trial transcripts but he absolutely would not have allowed a self defense instruction on the premise of shooting someone in the back to stop them from getting a gun. He went on to say he must have given a self defense instruction based on the fight that occurred at Mr. Crago's vehicle. (Exhibit E at 76 ln. 19-22, 85, 86 (Respectively)).

24. Transcripts of proceedings from trial clearly show that Mr. Crago testified to the jury and Mr. White argued to the jury that Mr. Crago shot the victim twice in the back to stop the victim from getting a gun because Mr. Crago could not start his vehicle to flee. (Exhibit C at 164-172; Exhibit D at 80).

25. The 1st PCR court then ruled that Mr. White was not ineffective for not presenting evidence that the ignition was disabled in the car because "The claim of self defense as it applied to [] shooting the victim in the back to allow for time.

24/

for the defendant [] to make his escape was not considered by the court [] One cannot avail himself of [] justifiable homicide by shooting another in the back on the belief [] that that person was going to get a gun [] The law is otherwise. (Exhibit F at 2).

26. Mr. Crago submitted a 2nd pro se PCR alleging that counsel in the 1st PCR was ineffective because she failed to provide the PCR court with a copy of the trial transcripts to correct the court's erroneous finding that Mr. Crago did not testify at trial that he shot the victim in the back to stop him from going to get a gun. The 2nd PCR ruled "as a matter of law that Defendant's sixth Amendment right to counsel does not extend to state collateral proceedings." (Exhibit G).

27. Mr. Crago appealed the 2nd PCR court's decision, the court of appeal denied relief. (Exhibit H).

UNDER MARTINEZ V. RYAN, 566 U.S. 1 (2012) THE FAILURE TO RAISE THE CLAIM THAT TRIAL COUNSEL WAS INEFFEC- TIVE FOR DIRECTING MR. CRAGO TO ADMIT GUILT TO RAISE A NON-VIABLE SELF DEFENSE THEORY IN THE 1ST PCR IS EXCUSED.

28. Counsel in the 1st PCR was ineffective for not raising the claim in the 1st PCR that trial counsel was ineffec- tive for having Mr. Crago self admit guilt to present a non-

viable self defense theory, and informing Mr. Crago of an incorrect legal rule as it applied to self defense.

29. Because Mr. White testified that in order to present self defense he directed Mr. Crago to tell the jury he shot the victim in the back to stop him from getting a gun, and because the court later ruled that self defense was not allowed on the premise of shooting the victim in the back on the belief that he was going to get a gun, it is clear that defense counsel provided ineffective assistance of counsel at trial under Strickland, supra, and if counsel in the 1st PCR had presented the claim the court would have found Mr. White's representations at trial defective and vacated Mr. Crago's conviction.

30. Ariz. R. Crim. P. 32.2 (a)(3) prohibits Mr. Crago from raising any claim of IAC in a second or successive PCR. Mr. Crago tried to raise the above claim of IAC in his 9th PCR under the cause and prejudice clause of Martinez v. Ryan, supra, but the court summarily dismissed the claim as precluded under Ariz. R. Crim. P. 32.2. (a) (3). (Exhibit J at 6-7).

31. Issue preclusion under Ariz. R. Crim. P. 32.2 (a)(3) is not appealable, therefore, Mr. Crago did not appeal the dismissal of the IAC claim because it was precluded under 32.2 (a)(3).

32. Procedural default of the IAC claim is excused under Martinez V. Ryan, 566 US 1 (2012) because counsel in the 1st PCR should have raised the IAC claim. Under Arizona law the issue is precluded from being raised in successive PCR petitions.

33. Martinez, supra, allows new claims of trial-counsel ineffectiveness asserted for the first time on federal habeas review, even if state PCR counsel properly raised other claims of trial counsel ineffectiveness. Detrich V. Ryan, 740 F.3d 1237, 1248 (9th cir. 2013) (en banc) (plurality opn.).

34. This is the first time the IAC claim has been raised since the court of Appeal amended Mr. Crago's judgment of conviction on March 25, 2021 and the Arizona Supreme Court declined review on July 1, 2022. (Exhibit F at 6; Exhibit L; Arizona Supreme Court Case No. 2 CA-CR 2021-0011 Decision 7-1-22).

35. There is no question that defense counsel rendered egregiously ineffective assistance at trial and that Mr. Crago suffered predudice as a result. Counsel directed Mr. Crago to admit guilt to 1st degree murder to present a non-viable self defense claim to the jury. This made Mr. Crago's trial nothing more than a coerced confession of guilt with no legal defense available and no testing of the State's case against Mr. Crago. The fact that the 1st PCR court did not sua sponte hold Mr. White's representation ineffective, and then barred Mr. Crago from presenting the claim shows manifest injustice in the state proceedings.

27/

Therefore, Petitioner Earl Felton Crago asks the court to grant him the following relief:

Ground One:

Issue a declaration that the Arizona Court of Appeal violated Mr. Crago's right to due process and equal protection under the 5th and 14th Amendments by amending Mr. Crago's judgment of conviction to a harsher term of imprisonment after the statute of limitation/time frame for correcting an illegally lenient sentence had expired under Ariz. R. Crim. P. 24.3 (a).

Issue an order that Mr. Crago's original judgment of conviction as issued on 8/21/95 is final and binding under Arizona law and, further order that Mr. Crago be released/placed on to community supervision for the term imposed by the sentencing judge.

and, or

Ground Two:

Issue an order holding that trial counsel rendered ineffective assistance of counsel by directing Mr. Crago to admit his guilt to put forward a non-viable justifiable homicide defense, and further order the Mr. Crago's conviction and sentence by vacated and Mr. Crago be released from prison.