Earl F. Crago 115357
ASPC-Lewis-BDU
PO Box 70
Buckeye, AZ 85326

FILED
Aug 11 2022
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Earl Felton Crago, <br> Petitioner <br> v. <br> David Shinn, et al., <br> Respondents | NO. CV 22-00339-TUC-JAS-LAB <br><br> REQUEST FOR APPOINTMENT <br> OF COUNSEL |

Petitioner request appointment of counsel to represent him in his § 2254 Petition for Writ of Habeas Corpus by a Prisoner.

There are no law libraries in the ADCRR where petitioner is confined. Furthermore, inmates are not allowed to posses another inmate's case materials, ie., case law. All case law is technically case materials from another inmate's case and ADCRR issues disciplinary reports to inmates possessing another inmates case materials.

Ground Two of Petitioner's habeas petition raises a ineffective assistance of trial counsel claim that was defaulted by state PCR counsel's failure to raise the claim in the initial review state collateral proceeding. Plaintiff argues the state procedural default is excused under Martinez v. Ryan, — U.S. —, 132 S.Ct 1309, 182 L.Ed.2d 272 (2012).

The 9th Circuit Court of Appeals held in Detrich v. Ryan, 740 F.3d 1237 (2013), that procedurally defaulted claims, to which Martinez is applicable, the district court should allow discovery and hold an evidentiary hearing where appropriate to determine whether there was "cause" under Martinez for the state court procedural default and to determine, if the default is excused, whether there has been trial-counsel IAC. (id. at 1247).

Petitioner, clearly needs counsel for all future proceedings in this petition, and thus, he respectfully request the court appoint him counsel.

Dated: August 10, 2022        By /s/ Earl F. Grager
                                 Petitioner, pro Se.

I certify I gave the foregoing to prison officials for e-filing on August 10, 2022.

By /s/ Earl F. Grager
Petitioner, Pro Se.