MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Earl Felton Crago,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No.   CV 22-00339-TUC-JAS (LAB)<br><br>**ORDER** |

    Pro se Petitioner Earl Felton Crago, who is confined in the Arizona State Prison Complex-Lewis, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and a Request for Appointment of Counsel (Doc. 6) and paid the filing fee. The Court will require an answer to the Petition and will deny without prejudice the Request for Appointment of Counsel.

**I.    Petition**

    Petitioner was convicted in Cochise County Superior Court, case #CR 94000741, of first-degree murder. In August 1995, the trial court imposed a term of "life" in prison, ordering that Petitioner "must serve every day of twenty-five (25) years of the sentence imposed before he is eligible for any type of release" and that Petitioner was "required to do mandatory community supervision sentence—one day for every seven days sentenced to, for a total of 3 years, 7 months." (Doc. 1-1 at 4.)[1]

---

[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

In 2020, the Superior Court, in deciding Petitioner's ninth petition for post-conviction relief, ruled Petitioner was "eligible for release after serving 25 years pursuant to his sentence, and his illegally lenient sentence is final under Arizona law." (Doc. 1-1 at 103) (emphasis omitted.)  The Superior Court ordered Petitioner "placed on community supervision for the term imposed by the sentencing judge." (*Id*.)

The State sought review of the trial court's ruling.  In a March 25, 2021 Memorandum Decision, the Arizona Court of Appeals granted review and relief, stating that Petitioner's sentence expires at the end of his life, not after 25 years; he is currently eligible to be considered for release because he has served 25 years; and the imposition of community supervision had no bearing on his life sentence or his eligibility to have that sentence commuted. (*Id*. at 112.)  The Arizona Court of Appeals concluded the issue raised in Petitioner's ninth petition for post-conviction relief was precluded because the Arizona Court of Appeals had previously addressed the issue on the merits. (*Id*.)

In his Petition, Petitioner names David Shinn as Respondent and the Arizona Attorney General as an Additional Respondent.  Petitioner raises two grounds for relief.

In Ground One, Petitioner alleges a violation of his Fifth and Fourteenth Amendment rights to due process and equal protection. (Doc. 1 at 5.)  He claims he was sentenced to an illegally lenient sentence of 25 years "flat," followed by a consecutive three years and seven months on community supervision; the illegally lenient sentence became final and binding; and the Arizona Court of Appeals lacked jurisdiction to correct the sentence to a harsher term of confinement. (*Id*. at 16-21.)

In Ground Two, Petitioner contends he received ineffective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments. (*Id*. at 7.)  He claims that pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), the failure to raise the issue of ineffective assistance of trial counsel in Petitioner's first petition for post-conviction relief is excused because Petitioner's counsel in the first petition for post-conviction relief was ineffective. (*Id*. at 22-26.)

The Court will require Respondents to answer the Petition.  28 U.S.C. § 2254(a).

## II. Request for Appointment of Counsel

In his Request for Appointment of Counsel, Petitioner asserts there are no law libraries in the prison. He also claims the prison issues disciplinary reports to inmates who possess another inmate's case materials, and "[a]ll case law is technically case materials from another inmate's case." In addition, Petitioner contends that, as to his ineffective assistance of counsel claim, the Ninth Circuit Court of Appeals has held that district courts should allow discovery and hold an evidentiary hearing "where appropriate to determine whether there was 'cause' under *Martinez* for the state court procedural default and to determine, if the default is excused, whether there has been trial-counsel [ineffective assistance of counsel]."

"Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). However, the Court has discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Petitioner has not made the necessary showing for appointment of counsel at this time, and, therefore, his Request for Appointment of Counsel will be denied without prejudice. If, at a later date, the Court determines that either (1) there is good cause for discovery and the appointment of counsel is necessary for effective discovery, or (2) an evidentiary hearing is required, counsel will be appointed in accordance with Rules 6(a) and 8(c) of the Rules Governing Section 2254 Proceedings.

## III. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . . .

**TERMPSREF**

**B.     Copies**

Because Petitioner is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Petitioner is not required to serve Respondents with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4.  Petitioner may comply with Federal Rule of Civil Procedure 5(d) by including, with every document he files, a certificate of service stating that this case is subject to General Order 14-17 and indicating the date the document was delivered to prison officials for filing with the Court.

**If** Petitioner is transferred to a unit other than one subject to General Order 14-17, he will be required to: (a) serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court.  *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.     Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Petitioner's Request for Appointment of Counsel (Doc. 6) is **denied without prejudice**.

(2)     The Clerk of Court must serve a copy of the Petition (Doc. 1), the Consent to Magistrate Jurisdiction form and instructions, and this Order on the Respondent(s) and the Attorney General of the State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney

1  General's Office.  Pursuant to the Memorandum of Understanding, copies of the Petition
2  and this Order will be sent via Notice of Electronic Filing (NEF) to the State of Arizona
3  Respondent through the Attorney General for the State of Arizona to designated electronic
4  mail addresses.  Within 2 business days, the Attorney General's Office will acknowledge
5  receipt of the Petition and the Court's Order and within 5 business days will either file a
6  notice of appearance on behalf of Respondents or will notify the Court of the names of the
7  Respondents on whose behalf the Arizona Attorney General's Office will not accept
8  service of process.

9      (3)  Respondents must answer the Petition within 40 days of the date of service.
10 Respondents must not file a dispositive motion in place of an answer.  Respondents may
11 file an answer that (a) is limited to relevant affirmative defenses, including, but not limited
12 to, statute of limitations, procedural bar, or non-retroactivity; (b) raises affirmative
13 defenses as to some claims and discusses the merits of others; or (c) discusses the merits
14 of all claims.  The failure to set forth an affirmative defense regarding a claim in an answer
15 may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S.
16 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular
17 claim does not waive any argument on the merits as to that claim.  If the answer only raises
18 affirmative defenses, only those portions of the record relevant to those defenses need be
19 attached to the answer.  If not, the answer must fully comply with all of the requirements
20 of Rule 5 of the Rules Governing Section 2254 Cases.

21     (4)  Regarding courtesy copies of documents for chambers, Respondents are
22 directed to review Section II(D) of the Court's Electronic Case Filing Administrative
23 Policies and Procedures Manual, which requires that "a courtesy copy of the filing,
24 referencing the specific document number, **shall be printed directly from CM/ECF**."
25 CM/ECF Admin. Man. § II(D)(3) (emphasis added).  *See* http://www.azd.uscourts.gov/
26 sites/default/files/documents/adm%20manual.pdf.

27     (5)  Petitioner may file a reply within 30 days from the date of service of the
28 answer.

**TERMPSREF**

1      (6)    This matter is referred to Magistrate Judge Leslie A. Bowman pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

    Dated this 27th day of September, 2022.

Honorable James A. Soto
United States District Judge

**TERMPSREF**