EARL F CRAGO 115357
ASPC LEWIS RAST
PO BOX 70
BUCKEYE AZ. 85326



☒ FILED  ☐ LODGED
**Dec 20 2022**
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| EARL FELTON CRAGO, <br>     Petitioner, <br> v. <br> David Shinn, et al., <br>     Respondents. | No. CV 22-00339-TUC-JAS (LAB) <br><br> REPLY TO LIMITED ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS |

   Mr. Crago replies that his successive petition for writ of habeas corpus is properly and timely filed, ground one of the petition is cognizable and ripe for adjudication, ground two while procedurally defaulted is excused from default for cause and prejudice under Martinez.

### Ground One
### Subject Matter Jurisdiction

   Ground one of the petition states that the trial court and or appellate court did not have subject matter jurisdiction to amend Mr. Crago's sentence to a harsher term of imprisonment in 2011 after Mr. Crago had already served seventeen years of his sentence. Doc. 1-1, pg. 21.

   The controlling law holds that subject matter jurisdiction is a long established fundamental constitutional principle that cannot be waived or forfeited, a court simply cannot rule over a case for which it has no jurisdiction. *United States v. Cotton*, 535 U.S. 625, 630 (2002); *State v. Maldonado*, 223 Ariz. 309, 311 ¶14 (2010).

Subject matter jurisdiction concerns the court's statutory or constitutional power to hear and determine a particular type of case. It can be raised for the first time on appeal. Id.

Mr. Crago was sentenced to a determinate 25 year term with 3 years 7 months community supervision (3y 7m com. Sup.). Doc 1-1, pg 4.

The trial court said that the 3y 7m com. Sup. was "equal to one-seventh of 25 years." Doc 1-1 pg 96.

The Arizona Department of Corrections (ADC) reflected Mr. Crago's sentence as having a Sentence Expiration Date ("SED") on September 17, 2019, and a Com. Sup. End Date of April 13, 2023. Exhibit T, pg. 38/45

In 2006 Mr. Crago filed a civil rights complaint against ADC officials, Assistant Attorney General Paul Carter represented ADC in that law suit. U.S.D.C. No. CV06-00443-PHX-EHC.

ADC time computations officer Brittany Cassiano testified that Asst. Attny. Gen. Paul Carter is a person who tells them how to reflect the inmates' sentences in the ADC records. Doc. 1-2 pg. 21.

In 2006 after Paul Carter is appointed to represent ADC in the civil rights complaint Mr. Crago filed against ADC, the Attorney Generals office, i.e., Paul Carter, directs ADC to change Mr. Crago's sentence in the ADC records to "Life without the possibility of release". Doc. 1-1 pg. 96.

The State was prohibited from challenging Mr. Crago's lenient sentence by Ariz. R. Crim. P. 24.3, but knew if they changed Mr. Crago's sentence in ADC records it would force Mr. Crago to file a Rule 32 PCR which would allow the State to challenge the sentence at that time.

Mr. Crago filed a 4th in time PCR requesting the court to order ADC to reflect Mr. Crago's correct sentence. The court appointed counsel and counsel notified the court and Mr. Crago that he would not have a cognizable Rule 32 claim until he completed serving 25 years and then only if ADC did not release him at that time. Exhibit N, pg 1.

Mr. Crago filed a special action. The court dismissed it saying it was the same claim raised in the above PCR and was therefore waived. The court of appeal remanded the special action. Mr. Crago voluntarily withdrew the special action after reading the rules and finding it could not be used to force ADC to correct its records. Ariz. R.P. Special Action R. 1.

In 2010 Mr. Crago filed a 5th PCR. Court appointed counsel filed a petition stating that the ADC had effectively turned Mr. Crago's sentence into a natural life sentence. The petition further stated that Mr. Crago was sentenced to a minimum mandatory 25 year determinate sentence with 3 years 7 months community supervision ("3y 7m com. sup."). Exhibit T.

The State requested the court vacate the portion of the sentence that ordered release to community supervision after completing 25 years and convert Mr. Crago's sentence to life with permission to apply for commutation after 25 years. The court noted that Mr. Crago was sentenced to be released to 3y 7m com. sup. which was calculated from a 25 year determinate prison term. The court noted that it was prohibited by Ariz. R. Crim. P. 24.3 from vacating the com. sup. portion of the sentence. The court then amended Mr. Crago's sentence to life without release unless granted commutation by the governor. Doc.15 Exhibit D.

The Ariz. Court of Appeals upheld the amendment of sentence. Doc. 1-1 pg. 86-93.

The Ninth Circuit Court of Appeal ruled that
"the 2011 state court decisions effectively amended the petitioner's judgment of conviction by removing the community supervision provision from his sentence." Exhibit U.

Mr. Crago completed 25 calendar years of imprisonment in September 2019. He filed a 9th PCR in December 2019 stating that the 2011 state court did not have subject matter jurisdiction to amend his sentence to a harsher term of imprisonment and he was now being held beyond his sentence expiration date. Doc. 15 Exhibits N, O, and P.

The trial court held an evidentiary hearing on October 20, 2020 and issued a Decision and Order on November 4, 2020. The court found that in 1995 Mr. Crago was sentenced to serve 25 years imprisonment with 3y 7m com. sup. — one day for every seven days sentenced to. The court found that the 2011 court did not have subject matter jurisdiction to amend Mr. Crago's sentence and ordered Mr. Crago's immediate release from prison to community supervision. Doc. 1-1 pg 95 - 101, and 103.

The trial court clarified its Decision and Order on December 18, 2020 reiterating the order to release Mr. Crago immediately to community supervision. Doc. 1-1 pg. 103.

The Ariz. Court of Appeal then reversed the trial court's order to release Mr. Crago. The appellate court held that Mr. Crago had forfeited/waived the subject matter jurisdiction claim by not raising the claim in a prior Rule 32 proceeding. The court said the 2011 amendment changing Mr. Crago's sentence from a 25

year determinate term to life unless commutated was always Mr. Crago's sentence and Mr. Crago was precluded from appealing the amendment of sentence. Doc 1-1 pg 105-112.

Mr. Crago reiterates the 9th circuite court of appeal ruled the 2011 state court decision effectively amended Mr. Crago's sentence by removing the community supervision release provision. Exhibit U.

The Supreme court declined review on July 5, 2022. Doc 15, Exhibit W.

### Ground Two
### Ineffective Assistance of Trial Counsel

Ground two states that trial counsel rendered ineffective assistance of counsel ("IAC") when he directed Mr. Crago to confess to shooting the victim in the back as he ran away to put forward a justifiable homicide defense. After Mr. Crago testified, the court ruled that Mr. Crago could not claim self defense for shooting a man twice in the back as he ran away. Doc. 1 pg. 22-24.

There were no witnesses to who killed the victim. Mr. Crago was arrested and charged because a 15 year old boy said he seen Mr. Crago in the boy's drive way next to Mr. Crago's white/silver car after being woken up by gun shots. He did not see Mr. Crago with a gun.

Two adult witnesses said they heard gunshots and seen a man with shoulder length hair place the victim into a "dark" colored car and drive away. Doc. 15, Exhibit H pg 6a-6b.

Two jail guards said they heard Mr. Crago say "to the affect" how "he took a guy" and killed him. The media at that time said the victim was kidnapped taken to the desert and killed. Witnesses and doctors testified the victim died at the scene within seconds of being shot, he was not taken anywhere and killed as the media and jail guards claimed. Doc. 15 Exhibit H pg 6a-6b.

There was no forensic evidence (DNA, fingerprints, gun shot residue, tire track imprints) linking Mr. Crago to the killing of the victim.

The point being there was no credible evidence that Mr. Crago killed the victim until defense counsel directed Mr. Crago to testify he murdered the victim at trial to put forward self defense. Mr. Crago never made any pretrial confessions.

There were a multitude of other defenses that could have been pursued. The obvious was to accept the plea offer from the state to second degree murder. Another was to remain silent and attack the 15 year old boy and guards' testimony with opposing evidence.

Anything was more logical than having Mr. Crago confess to murder to put forward a self defense claim that was prohibited by law and not viable under the facts of Mr. Crago's case. The trial consisted of Crago confessing he murdered the victim with no available defenses for doing so. The jury deliberated less than 30 minutes before returning a guilty verdict.

The law holds that trial counsel must investigate the defense and understand the law for that defense. *Rios v. Rocha*, 299 F.3d 796, 805 (2002); *Sanders V. Ratelle*, 21 F.3d 1446 (1994); *Bohana v. Vaughn*, 389 Fed. Appx. 600, 602 (9th Cir. 2010).

Mr. Crago was appointed counsel for his first Rule 32 PCR. Counsel raised a claim of trial-counsel IAC on grounds that trial counsel did not investigate and present evidence to support the self defense theory after having Mr. Crago admit guilt to plead self defense. It was then the trial judge notified counsel and Mr. Crago on the record that self defense was prohibited under the facts of Mr. Crago's case. Doc. 1-1 Exhibit F pg 2.

PCR counsel did not raise the claim that trial-counsel rendered IAC by having Mr. Crago confess to the crime to put forward a justifiable homicide defense that was prohibited by law and not viable under the facts of Mr. Crago's case. When Mr. Crago attempted to raise the claim in a successive PCR the court ruled it was procedurally defaulted for not raising the claim in the first PCR. Doc. 1-1, pg 100-101

The law holds that Mr. Crago's procedural default is excused on federal habeas review if Mr. Crago shows that:

(1) the trial-counsel IAC claim was a "substantial" claim. Substantial is defined as a claim having "some merit".

(2) the "cause" for the default was the failure of PCR counsel to put the claim forward in the first PCR proceeding. Detrich V. Ryan, 740 F.3d 1237, 1244-45 (2013).

> "No showing of prejudice [] is required over and above a showing that PCR counsel defaulted a 'substantial' claim of trial-counsel IAC in order to establish 'cause' for the procedural default" Id. at 1246.

Martinez allows new claims of trial-counsel IAC to be asserted for the first time on habeas even if PCR counsel presented other claims of Trial-counsel IAC in the first PCR. Id. at 1248, quoting Trevino v. Thaler, 133 S.Ct. 1911, 1915-16 (2013).

The "federal court conducts a de novo review of claimed constitutional errors when the state court rejects the petitioner's arguments on procedural grounds without reaching the merits and the federal court subsequently finds the procedural default excused." (Slip Copy) Viramontes v. Attorney General of Arizona, 2021 WL 977170 pg 3.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF TRANSCRIPTS AND RECORDS.

Mr. Crago does not have any records outside some excerpts of transcripts and random orders/PCR petitions because ADC destroyed Mr. Crago's legal box of records. Mr. Crago filed a prison grievance in 2020 when it happened (see Exhibit 5).

Mr. Crago also gave notice at document no. 1 pg 12 ¶14 that he does not posses previouse habeas petition records.

Mr. Crago request the court direct Respondents to provide him with all transcripts of proceedings including those not yet transcribed and a complete record of all prior filings in this case going forward.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Crago incorporates by reference all preceeding paragraphs as though set forth fully here.

## III. MR. CRAGO'S SUCCESSIVE HABEAS PETITION IS AUTHORIZED BY MAGWOOD V. PATTERSON, 561 U.S. 320 (2010); WENTZELL V. NEVEN, 674 F.3d 1124 (9th Cir. 2012); THIS COURT HAS JURISDICTION

Mr. Crago incorporates by reference all preceeding paragraphs as though fully set forth here.

Respondents argue that the trial court's order on November 4, 2020 (clarified on December 18, 2020) was not an amendment to Mr. Crago's judgment of conviction and for this reason Mr. Crago's successive habeas petition is not authorized. Doc 15, pg. 8-9.

First, Mr. Crago points to Respondents statement of factual and procedural background which says:

"The state PCR court agreed with Crago that Chaparro was a significant change in the law that entitled him to relief on to his sentencing claim and ordered he be released on community supervision." Doc. 15 pg. 7 ln 22-.

Second, Mr. Crago points to the Ninth Circuit court of Appeals ruling that the state court effectively amended Mr. Crago's judgment of conviction in 2011 by removing the community supervision release provision from his sentence. Exhibit U.

Mr. Crago's original sentence in 1995 was a determinate 25 years with 3y 7m com. sup.. Doc. 1-1 pg. 4.

In 2011 the state court amended Mr. Crago's sentence by effectively removing the 3y 7m com. sup. release provision and ordered that Mr. Crago could only be released by commutation of a life sentence. Exhibit U; Doc 1-1 pg 91-92 ¶¶ 8-11.

In 2020, the trial court ruled that Mr. Crago was sentenced in 1995 to a determinate 25 year sentence with a sentence expiration date on September 17, 2019, to then serve 3y 7m com. sup. Doc. 1-1 pg 96.

The 2020 trial court ruled

"IT IS THEREFORE THE ORDER OF THE COURT [] DEFENDANT CRAGO IS ELIGIBLE FOR RELEASE AFTER SERVING 25 YEARS PURSUANT TO HIS SENTENCE, AND HIS ILLEGALLY LENIENT SENTENCE IS FINAL UNDER ARIZONA LAW. SEE CHAPARRO V. SHIN, 248 ARIZ 138, 143, 459 P.3d 50, 55 (2020). (emphasis orginal). Doc. 1-1 pg. 103.

The Arizona Court of Appeal reversed the order holding (1) Chaparro has always been the law in Arizona regarding subject matter jurisdiction over illegally lenient sentences, and (2) Mr. Crago waived the claim by not raising it in earlier filings and the trial court was precluded from correcting the unlawful amendment of sentence. Doc. 1-1 pg 105-112.

The court of appeal is in error. The claim of subject matter jurisdiction can never be waived, forfeited, or precluded. U.S. v. Cotton, Supra.; State v. Maldonado, Supra.

Mr. Crago files this petition based on the 2020 Amendment of the unconstitutional 2011 amendment.

10/14.

## IV. MR. CRAGO'S HABEAS PETITION IS TIMELY FILED

Mr. Crago incorporates by reference all preceeding paragraphs as though fully set forth here. The record shows the habeas petition is timely filed.

## V. A CLAIM OF SUBJECT MATTER JURISDICTION CAN NEVER BE WAIVED, FORFEITED, DEFAULTED, OR PRECLUDED; THE TRIAL COUNSEL IAC CLAIM IS EXCUSED FROM PROCEDURAL DEFAULT

Mr. Crago incorporates by reference all preceeding paragraphs as though set forth fully here.

Respondents argue that the subject matter jurisdiction claim was not federalized by Rule 32 PCR counsel. Mr. Crago notes that Rule 32 counsel did not cite a specific federal Supreme Court case ruling or a specific constitutional amendment, BUT she did cite Chaparro v. Shinn in each petition as the basis of the subject matter jurisdiction claim. Doc. 15, Exhibit T pg.5; Exhibit V pg 1.

So the state court was afforded the opportunity to correct the violation now before the habeas court. In fact the state trial court did correct the constitutional error, but then the Court of appeal ruled the error was waived and or precluded from review. Doc 1-1, pg 103, pg 112 ¶ 21 (respectively).

Subject matter jurisdiction concerns the court's "statutory or constitutional power to hear and determine a particular type of case." and a "court simply cannot hear a case over which it has no jurisdiction." Legacy Found. Action Fund v. Citizens Clean Elections Comm'n., 252 Ariz. 499, 507 (2022); State v. Maldonado, supra.

Claims that implicate subject matter jurisdiction can never be forfieted or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002); See also *Legacy Found. Action Fund v. Citizens Clean Election Comm'n*, 252 Ariz. 499, 507 (2022) ("Subject matter jurisdiction can neither be waived or confered by stipulation").

Subject matter jurisdiction can be raised for the first time on appeal. *Jennifer G. v. Ariz. Dep't. of Child Safety*, 2014 WL 6790750.

So regardless of whether Rule 32 counsel properly federalized the subject matter jurisdiction claim the federal habeas court can still hear it.

Subject matter jurisdiction, a fundamental constitutional principle, and when a court acts outside of its jurisdiction, as happened in Mr. Crago's case, that offending court commits a fundamental constitutional error that amounts to a fundamental miscariage of justice, which allows this federal court to hear the claim.

The U.S. Supreme Court says there are zero circumstances where subject matter jurisdiction can be waived, forfeited, precluded or defaulted. It is a fundamental constitutional principle. *United States v. Cotton*, Supra; *State v. Maldonado*, Supra.

Pursuant to Ariz. R. Crim. P. 24.3 as defined by *State v. Dawson*, 164 Ariz. 278, 286 (1990); *Chaparro v. Shinn*, Supra the state court did not have subject matter jurisdiction to increase Mr. Crago's sentence.

Furthermore, it violates the double jeopardy clause to increase a prisoner's sentence if he had a "legitimate expectation of finality" in that sentence. Mr. Crago clearly had that expectation 17 years into

his sentence when Ariz. R. Crim. P. 24.3 said his sentence became a "final" and thus lawful sentence 60 days after it issued absent a timely appeal by the state.

Mr. Crago has been gravely injured by this fundamental miscarriage of justice. His 25 year determinate sentence expired on September 17, 2019. If this court does not intervene Mr. Crago will spend the rest of his life in prison.

Respondents also argue that Mr. Crago's claim of trial-counsel IAC is not a substantial claim. The record before the court belies the Respondents' arguments. Mr. Crago's procedural default of this claim is excused under Martinez v. Ryan, 566 U.S. 1 (2012)

Mr. Crago also notes that Respondents use an incorrect/invalid screening standard for excusing procedural default for cause under Martinez. See Respondents' Limited Answer Doc. 15 pg. 18.

The correct standard is found in Detrich v. Ryan, 740 F.3d 1237, 1244-46 (2013), which says simply that Mr. Crago has to show PCR counsel defaulted a claim of trial-counsel IAC that had "some merit", i.e. was "substantial" by not presenting it in the first Rule 32 PCR as required by Arizona law. Mr. Crago has met the bar for excusing his procedural default.

This court may now hear the trial-counsel IAC claim de novo. See Viramontes v. Attorney General of Arizona, 2021 WL 977170 pg 3. (Slip Copy).

13/

## VI. CONCLUSION.

Ground One:

The successive petition is authorized based on the court's multiple amendments to Mr. Crago's judgment of conviction. The petition is timely filed. The subject matter jurisdiction claim is not waived, forfeited, or defaulted because it is the rare fundamental constitutional principle that cannot be waived, forfeited, or defaulted. This court has jurisdiction and standing to hear ground one.

Ground Two:

Procedural default of ground two is excused under the cause and prejudice doctrine as defined by *Martinez v. Ryan, supra.* Therefore, this court may now hear the claim de novo.

Respectfully Submitted On December 18, 2022
By: Earl F. Crago
    Petitioner, Pro Se.

I, Earl F. Crago, certify this case is subject to General Order 14-17. I gave the foregoing to prison officials on December 20, 2022 for E filing.    By: Earl F. Crago
                                       Petitioner, pro se.