☒ FILED    ☐ LODGED

**Dec 20 2022**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

Earl Felton Crago V. Shinn, CV22-00339-TUC-JAS (LAB)

## INDEX OF EXHIBITS TO REPLY

Exhibit N. November 14, 2008 Order Case No. CR94000471

Exhibit O. November 06, 2008 Decision & Order Case No. CR94000471

Exhibit P. May 12, 2009 Memorandum Decision by Ariz. Ct. Appl.

~~Exhibit Q. August 01, 2013 Decision & Order Case No. 94000471~~

Exhibit R. ADC Grievance Responses 8/25/05, 7/22/21 Legal Access.

Exhibit S. ADC Grievance - Destroyed Legal Records 3/23/20

Exhibit T. Petition For PCR 10/7/10.

Exhibit U. 9th Cir. Ct. Appls Order 03/13/14.

1/45

EXHIBIT  N
November 14, 2008   ORDER

SUPERIOR COURT, STATE  ARIZONA, In and for the County  Cochise

| STATE OF ARIZONA, Plaintiff, vs. EARL F. CRAGO, Defendant. | November 14, 2008 Case No. CR94000471 ORDER (926) | FILED 2008 NOV 14  PM 2: 47 DENISE I. LUNDIN CLERK OF SUPERIOR COURT BY |
|---|---|---|
| HONORABLE WALLACE R. HOGGATT DIVISION THREE | | By: Glendalynn Cobb (11/14/08) Judicial Administrative Assistant |

Defendant has filed a "Petition for Special Action," alleging that although he had been sentenced to life imprisonment with the possibility of parole after serving 25 years, the Department of Corrections is treating his sentence as a natural life sentence without the possibility of parole. On March 18, 2008, Defendant filed a Petition for Writ of *Habeas Corpus*, in which he made substantially the same argument. The Court treated the petition for writ of *habeas corpus* as a Rule 32 Petition, and appointed counsel for Defendant. On June 11, 2008, counsel filed a "Notice of Completion Pursuant to Rule 32 and Motion for Extension of Time for *Pro Se* Petition; Motion to Withdraw," in which counsel stated that he investigated this matter and also spoke with a named individual from the Time Computation Unit of the Arizona Department of Corrections. In his notice, defense counsel stated as follows:

> Mr. Crago is again seeking relief pursuant to Rule 32, Arizona Rule [sic] of Criminal Procedure, alleging that Arizona Department of Corrections records reflect a sentence different from the one imposed by the Court. The only ground for relief pursuant to Rule 32, Arizona Rule [sic] of Criminal Procedure, is Rule 32.1 (d), which provides for relief if the person *is being held in custody after the sentence imposed has expired*.

> Mr. Crago will not be eligible for release until he has served twenty-five calendar years. The twenty-five year period will expire around the year 2019. At this time, in 2008, the issue is not ripe because Mr. Crago's sentence has not expired.

> Additionally, Mr. Bailey [the official in the DOC Time Computation Unit] avows that the calculation of Mr. Crago's sentence is being handled in the same way as other persons sentenced to a term of twenty-five to life in the Arizona Department of Corrections. Therefore, unless it can be proved that Mr. Crago's calculations are being handled differently from others similarly situated, there are no grounds upon which to file a Petition for Special Action either.

> Counsel has found no additional grounds for Rule 32 relief and has no basis upon which to file a petition. ... [Emphasis in original.]

**COURT ORDER/RULING**          Date: November 14, 2008          Case No. CR94000471

This Court gave Defendant additional time within which to file a *pro se* petition for post-conviction

relief, but did not do so. Therefore, on November 06, 2008, this Court dismissed the post-conviction relief

proceedings.

Defendant's current petition alleges the same issue previously raised. He did not present such matters in

the form of a pro se petition for post-conviction relief, and he has not filed a petition for review of this Court's

order of November 06, 2008.

Accordingly, IT IS HEREBY ORDERED that the Petition for Special Action filed November 10, 2008,

is hereby DISMISSED.

DATED this ___14th___ day of ___Nov.___, 2008.

WALLACE R. HOGGATT
JUDGE OF THE SUPERIOR COURT

mailed/distributed: 11-18-08

xc:   Arizona Attorney General; 1275 W. Washington; Phoenix, AZ 85007
      County Attorney – Doyle Johnstun, Esq.
      Earl F. Crago, Jr.; ADC #115357; ASPC – Tucson/Manzanita; P. O. Box 24401; Tucson, AZ 85734

EXHIBIT O

November 6, 2008   Decision and Order,

SUPERIOR COURT, STATE OF ARIZONA, In and for the County of Cochise

| STATE OF ARIZONA,  Plaintiff,  vs.  EARL F. CRAGO,  Defendant. | November 06, 2008  Case No. CR94000471  DECISION and ORDER (119) | FILED  2008 NOV -6 PM 3: 40  DENISE LUNDIN  CLERK OF SUPERIOR COURT  BY: |
|---|---|---|
| HONORABLE WALLACE R. HOGGATT  DIVISION THREE | | By: Glendalynn Cobb (11/06/08)  Judicial Administrative Assistant |

Defense counsel has filed a notice that he has found no meritorious issue of law or fact which may be raised as a basis for relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Defendant was given a sufficient amount of time to file a *pro se* petition but failed to do so.

This Court has conducted the review required by Rule 32.6. Defendant has presented no claim which, if true, would entitle him to post-conviction relief. The notice of post-conviction relief and any pending post-conviction relief proceedings are hereby DISMISSED.

DATED this _06th_ day of _Nov._, 2008.

_____
WALLACE R. HOGGATT
JUDGE OF THE SUPERIOR COURT

mailed/distributed: _11-10-08_
xc:   Arizona Attorney General; 1275 W. Washington; Phoenix, AZ 85007
      County Attorney – Doyle Johnstun, Esq.
      Defense Counsel – John William Lovell, Esq.; P. O. Box 1983; Tucson, AZ 85702
      Earl F. Crago, Jr., ADC #115357; ASPC – Tucson/Manzanita; P. O. Box 24401; Tucson, AZ 85734

Page 1 of 1

6/41

EXHIBIT P

MAY 12, 2009   MEMORANDUM DECISION

NOTICE: THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED BY APPLICABLE
RULES. See Ariz. R. Supreme Court 111(c); ARCAP 28(c); Ariz. R. Crim. P. 31.24.

FILED BY CLERK

MAY 12 2009

COURT OF APPEALS
DIVISION TWO

## IN THE COURT OF APPEALS
## STATE OF ARIZONA
## DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2008-0396-PR |
| Respondent, | ) | DEPARTMENT A |
| v. | ) | MEMORANDUM DECISION |
| EARL F. CRAGO, | ) | Not for Publication |
| | ) | Rule 111, Rules of |
| Petitioner. | ) | the Supreme Court |

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CR94000471

Honorable Wallace R. Hoggatt, Judge

REVIEW GRANTED; RELIEF GRANTED IN PART AND REMANDED

---

Earl F. Crago

Tucson
In Propria Persona

---

H O W A R D, Presiding Judge.

¶1     Following a jury trial, petitioner Earl Crago was convicted in 1995 of first-degree murder and was sentenced to life imprisonment. We affirmed Crago's conviction and sentence on appeal; denied relief in part on a consolidated petition for review of the denial of his first petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P.; and remanded for an evidentiary hearing on two claims of ineffective assistance of counsel. *State v. Crago*, Nos. 2 CA-CR 95-0488, 2 CA-CR 98-0230-PR (consolidated) (memorandum

decision filed Mar. 18, 1999). We subsequently denied relief on Crago's petition for review of the denial of post-conviction relief after the evidentiary hearing, *State v. Crago*, No. 2 CA-CR 00-0259-PR (memorandum decision filed Mar. 13, 2001), and on his petitions for review of the denial of relief on his second and third petitions for post-conviction relief. *State v. Crago*, No. 2 CA-CR 01-0381-PR (memorandum decision filed Feb. 19, 2002); *State v. Crago*, No. 2 CA-CR 2004-0224-PR (memorandum decision filed Mar. 29, 2005). Crago now seeks review of the trial court's dismissal of his petition for special action, which the court treated as a petition pursuant to Rule 32, as explained below.[1] "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d 945, 948 (App. 2007).

¶2      In March 2008, Crago filed a pro se petition for writ of habeas corpus asserting that, although the trial court had sentenced him to life imprisonment without the possibility of parole for twenty-five years, the Arizona Department of Corrections [ADOC] was instead treating his sentence as "a 'natural life' sentence with no release date, and no community supervision [d]ate, and no parole eligibility date." The trial court found that, "even assuming the truth of all matters set forth in the [habeas corpus] petition, Defendant is not being held illegally at this time, and so *habeas corpus* relief cannot be granted. However, it further appears that the claim . . . may be cognizable in post-conviction relief proceedings under Rule 32." The court then deemed Crago's habeas corpus petition to be a petition for post-

---

[1]Although Crago filed a notice of appeal from the trial court's dismissal of his special action petition, this court, perhaps improvidently, redesignated it as a petition for review in light of the trial court's having treated the underlying petition as one for post-conviction relief.

2

conviction relief and appointed counsel to represent him and file a supplemental petition for post-conviction relief on his behalf.

¶3          In a written notice to the court, appointed counsel stated he had contacted an individual from ADOC's time computation department who had "avow[ed] that the calculation of Mr. Crago's sentence is being handled in the same way as other persons sentenced to a term of twenty-five to life in the Arizona Department of Corrections." Counsel also told the court he had reviewed the "relevant portions of the record" and had been unable to find "a meritorious issue of law or fact" to raise in a Rule 32 petition. He asked that Crago be given the opportunity to file a pro se petition for post-conviction relief. On November 6, 2008, after Crago had failed to file a pro se petition by the court-imposed deadline, the court dismissed "[t]he notice of post-conviction relief and any pending post-conviction relief proceedings."

¶4          Crago immediately filed a petition for special action, asserting the same claim he had raised in his habeas corpus petition. In a November 14, 2008, minute entry ruling, the trial court noted it had dismissed the post-conviction proceedings on November 6 because Crago had not filed a pro se petition within the time allowed. In the same November 14 ruling, the court dismissed Crago's special action petition on the grounds that the petition had alleged "the same issue previously raised [in the habeas corpus petition] . . . [and Crago] did not present such matters in the form of a pro se petition for post-conviction relief, and he has not filed a petition for review of this Court's order of November 06, 2008."

¶5          To the extent Crago is challenging the trial court's dismissal of the Rule 32 proceeding, we find no abuse of discretion and deny relief. Although the court had deemed

the habeas corpus petition to be a petition for post-conviction relief and had given Crago the opportunity to file a pro se petition, *cf.* Ariz. R. Crim. P. 32.4(c)(2), when Crago failed to file a supplemental petition, he essentially left the court with no issue upon which to rule. For that reason, we find no abuse of discretion in the court's dismissal of the Rule 32 proceeding.

¶6          However, we do find the trial court abused its discretion by dismissing the petition for special action, an entirely distinct pleading from the Rule 32 proceeding. It appears the court essentially consolidated the Rule 32 and special action proceedings and dismissed the latter based on events that had occurred in the former. A Rule 32 petition and special action petition have distinct substantive and procedural limitations. Because Crago is entitled to have the court consider his special action petition independent of the Rule 32 proceeding, we remand for that purpose. We note, however, that our ruling is not intended to suggest Crago's special action claim has merit, only that he is entitled to have the court consider it.

¶7          The petition for review is granted, and this matter is remanded for further proceedings consistent with this decision.

<br>

_____
JOSEPH W. HOWARD, Presiding Judge

CONCURRING:

_____
JOHN PELANDER, Chief Judge

_____
PHILIP G. ESPINOSA, Judge

4

11/45

EXHIBIT R

ADC Law Library Access Grievance Records.

# ARIZONA DEPARTMENT OFCORRECTIONS

**Informal Response**

| Inmate Name (Last, First, M.I.) | ADC Number | CELL |
|---|---|---|
| CRAGO | 115357 | 4D16 |

| Institution/Unit | Location |
|---|---|
| ASPC-E / SMU I | SMU I   4 A/D |

| From | Tracking # |
|---|---|
| COIII M. MARKLEY | 1-044428 |

IN RESPONSE TO YOUR INFORMAL RESOLUTION RECEIVED 8/22/2005, WHAT LEGAL ACCESS TO CURRENT LAW LIBRARY IS CLEARLY OUTLINED IN DEPARTMENT ORDER 902. IF YOU WISH MORE THAN WHAT THE DEPARTMENT IS REQUIRED TO PROVIDE YOU NEED TO UTILIZE THE COURTS OR YOU LAWYER FOR THAT TYPE OF INFORMATION. END OF REPLY.

| Staff Signature | Date |
|---|---|
| | Thursday, August 25, 2005 |

PC-EC-1055

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



| Log# | Inmate Name | ADC# | Case# | Complex | Unit |
|------|-------------|------|-------|---------|------|
| GV-21-0410 | CRAGO | 115357 | 21-029750 | SAFFORD | S06 ASPC-S TONTO UNIT |

In your grievance filed at ASPC Safford - Tonto Unit, you claim you cannot cite the controlling case law as required by the A.R.S. and Rules of Criminal Procedure because ADCRR does not provide inmates access to case law.  Your proposed resolution is to have access to various case reports or for the State of Arizona to waive the requirement of citing legal citations and authorities in PCR proceedings and to make the waiver retroactive.

Your grievance has been reviewed at Central Office and the Deputy Warden's response is affirmed. The Department's Legal Access Monitor has reviewed your grievance and provides the following response: The Supreme Court remanded a lower court holding and stated that there is no requirement that the Department have case law. Pursuant to Department Order 902, Inmate Legal Access to the Courts: 1.3 Legal Research – There are no provisions made in this Department Order for extensive, generalized legal research. Furthermore, you are being provided legal access to the courts as required by policy. This process does not affect your ability to independently pursue other options and avenues outside the Department. It is recommended you ask the Librarian for the instructions on how to request case law through the Maricopa County Law Library Resource Center. Lastly, ADCRR does not have control over the requirements set forth by the State of Arizona. Your proposed resolution is denied.

No further action is warranted in this matter.

Cc: Warden, Safford Complex

LP

_L Purden_

**Appeals Officer**

_L Purden for_

**David Shinn, Director**

07/22/2021

**Date**

AZ000055

2 LINE

EXHIBIT S

GRIEVANCE   DESTROYED  LEGAL RECORDS



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution**

*Complaints are limited to one page and one issue.   Please print all information.*

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| CRAGO, EARL | 115357 | ASPC - SAFFORD - TONTO | 03/23/2020 |

| TO | LOCATION |
|---|---|
| CO3 Guillims | Building 2 C/D |

State briefly but completely the problem on which you desire assistance.  Provide as many details as possible.

I recently transferred from ASPC-Eyman, Unit SMU. CO II Trammell told me today that SMU destroyed my legal box that was being held in their long term storage as excess. They also destroyed my family photos of my mother who was killed in a Tornado in Moore, OK. in 1999. I believe this was done as an act of retaliation against me for filing civil complaint: Crago v. Pitz, et al., No. CV-19-04532-PHX-ROS(ESW). I am seeking damages for violating My First Amendment Rights not to be retaliated against for petitioning the government for redress of issues, and not to be impeded from accessing the courts.

    I understand that staff at Safford-Tonto did not have any involvement in this issue, but the ADC policy requires me to exhaust admin. remedies on the unit that I'm confined at when I first become aware of an issue.

    (Property receipt attached)

Respectfully

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| Earl F Crago | 03/23/2020. |

Have you discussed this with institution staff?   ☒ Yes   ☐ No

If yes, give the staff member name:   CO II Trammell

EXHIBIT T

5th PCR   10/7/10

**LAW OFFICES OF THE
COCHISE COUNTY PUBLIC DEFENDER
P.O. BOX 1818
BISBEE, AZ  85603
State Bar # 00000500
Tel.: (520) 432-8440
Fax: (520) 432-8478
pdmeo@cochise.az.gov**

FILED

2010 OCT -7  PM 5: 25

DENISE L LLADON
CLERK OF SUPERIOR COURT
BY _____ DEPUTY

Mark A. Suagee
Attorney for Defendant

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF COCHISE

| | |
|---|---|
| STATE OF ARIZONA, | No. CR94000471 |
|         Plaintiff, | **Petition for Post-Conviction Relief** |
| vs. | |
| EARL F. CRAGO, | (Hon. Wallace R. Hoggatt) |
|         Defendant. | |

EARL CRAGO, through counsel undersigned, petitions this Court for Post-

Conviction Relief pursuant to Rule 32.1(c) and (g), as set forth in the Petition for Post –

Conviction Relief which follows.

RESPECTFULLY SUBMITTED this 7th day of October, 2010.

LAW OFFICES OF THE COCHISE COUNTY PUBLIC DEFENDER

By _____
        for Mark Suagee

## CLAIMS FOR RELIEF

**Introductory statement**

The issues presented in this petition for post –conviction relief arise from actions by the Department of Corrections (hereinafter "the Department") years after the Defendant's 1995 sentencing. The Court sentenced Defendant Earl Crago to a life sentence with community supervision release, pursuant to A.R.S. 13-703 and A.R.S. 13-603(1). (See Sentence of Imprisonment, Exhibit 1). The initial time computation by the Department, (shown in Exhibit 2) reflects a community supervision release as was ordered in the sentencing. In 2008, however, after the defendant had learned the Department had recalculated his sentence, and not included any supervised release, and Crago had filed a grievance, the Department advised that the sentence would not include a community supervised release. (See Exhibit 3). Previous post-conviction proceedings in this case have addressed claims of ineffective assistance of counsel, but the issues presented here have not been previously litigated although they have been raised. (This was addressed in this Court's Order of November 14, 2008).

The defendant's position in this petition for post-conviction relief is that he has suffered prejudice from the actions of the Department which, in terms of actual effect, rendered a minimum mandatory sentence of twenty – five years a natural life sentence. Defendant argues first that he is entitled to relief under Rule 32.1(c), because the sentence imposed is one exceeding the maximum allowed by law or is not in accordance with the law. The second argument is that the defendant is being held beyond the time permitted by law, entitling him to relief pursuant to Rule 32.1(d). His request for relief is to schedule a sentencing hearing and sentence him to the sentence originally ordered, twenty – five years, and to add to that sentence the period of time which would otherwise be ordered as community supervision.

A review of the legislation, which among other things, changed the Board of Pardons and Paroles to Board of Executive Clemency, includes a definition for "community supervision," providing, "that portion of a felony sentence imposed by the court pursuant to section 13-603 (1) and served in the community after completing the period of imprisonment or served in prison in accordance with section 41-1604.07. (See Exhibit 4, A.R.S. 13-105 as it existed in1995).. In Crago's sentencing the Court did provide for his community supervision release, pursuant to A.R.S. 13-603(1), and that statute did, in 1995, set out the terms of community supervision. (See Exhibit 4). The language of A.R.S. 13-603 (1), appended as Exhibit 5 as it existed in 1995) includes mandatory language and sets out the period of supervision as what has come to be known as 85% time, to wit:

> If a person is convicted of a felony offense and the court sentences the person to a term of imprisonment, *the court at the time of sentencing shall impose* on the convicted person a term of community supervision. *The term of imprisonment shall be served consecutively* to the actual period of imprisonment..... *the term of supervision imposed by the court shall be for a period equal to one day for every seven days* of the sentence or sentences imposed. (Emphasis added).

### c. The sentence exceeds the maximum authorized by law or is not in accordance with the sentence authorized by law.

Community supervision is, in fact, a part of the sentence, but is not equivalent to imprisonment. State v. Crowles, 207 Ariz. 8, 82 P. 3d. 369 (App. 2004). In *Crowles*, The Court of Appeals noted that community supervision, by A.R.S. 13-105 (4), since renumbered, is meant, "that portion of a felony sentence imposed by the court pursuant to A.R.S. 13-603, subsection 1 and served in the community after completing a period of imprisonment or served in prison in accordance with sect. 41-1604.07." ibid. Defendant Crago contends that this point is central to a consideration of the legal impact on him of having the Department of Corrections change his sentence. When Corrections recalculated his release eligibility, eliminating the time designated

4

sentencing, following the defendant's plea, for a failure to consider a mitigating circumstance, and so the Court said that Rule 32.1 (c) encompasses a claim that a sentence was not imposed in compliance with the relevant sentencing law. ibid. However, Rule 32.1 (c) does include within its scope a sentence "otherwise not in accordance with the sentence authorized by law."

In this case the defendant was sentenced to a mandatory minimum of twenty – five years, to be followed by a term of community supervision. By the terms of his sentencing this defendant should have been released to serve his community supervision period at the conclusion of that sentence. Prior to that time, however, the Department of Corrections changed his sentence to eliminate his release eligibility. The action by the Department of Corrections is contrary to the terms of his sentence, as the community supervision term, to which he was sentenced. Relief pursuant to Rule 32.1(c) is merited.

d) **A.R.S.41-1604.07(A) does not allow the Department of Corrections to hold the defendant past his original sentence which provided for release eligibility at twenty-five years**

The Court sentenced Crago to a "life term in the Department of Corrections." (See Exhibit 1). In the sentencing document the Court went on to further specify the sentence by saying that "the Defendant must serve every day of twenty – five (25) years of the sentence imposed before he is eligible for any type of release." Ibid. This, the defendant contends here, is the applicable mandatory minimum sentence, as provided for in the parole statute. A.R.S.41-1604.06. In the sentencing document, however, the Court cited A.R.S. 13-603(I) in stating the required mandatory community supervision sentence of one day for every seven sentenced to, for a total of 3 years, seven months. Ibid.

The Court in this case imposed a sentence of twenty five years to community release eligibility. In the Department's response to Crago's grievance is the language "Truth in

6

3 3/43

mean he will end up serving beyond his court imposed sentence of a mandatory minimum of twenty five years.

## Conclusion

Post-conviction relief is provided for, the defendant submits, under Rule 32.1(c) and 32.1(d). Crago is also entitled to relief under Rule 32.1(c) because the sentence imposed is not the sentence now being served, and, the defendant contends, the sentence being served is not authorized by law. The sentence imposed, a sentence actually modified by actions of the Department or Corrections, is a natural life sentence. The maximum sentence authorized by law is twenty- five years with an additional period of community supervision. For the same reasons, the defendant is now being required to serve a sentence beyond the sentence which was imposed and is entitled to relief under Rule 32.1(d). The defendant requests that the Court grant post-conviction relief and schedule a sentencing hearing, for all of the reasons above, and at that hearing sentence the defendant to a sentence of twenty – five years with an additional period added onto the sentence to equal the period of community supervision to which he is legally entitled.

Dated this 7th day of October, 2010.

LAW OFFICES OF THE COCHISE COUNTY PUBLIC DEFENDER

By _____
    for Mark Suagee

---

[1] This part of the petition will be further briefed, in response to the State's Reply and as ordered and allowed by the Court.

# EXHIBIT 1

| One Div | August 21, 1995 Date | HONORABLE MATTHEW W. BOROWIEC Judge | Stephanie L. Williams Deputy |
|---|---|---|---|

No. CR94000471   STATE vs EARL FELTON CRAGO, JR.

| | |
|---|---|
| OFFENSE: | murdered Carl H. Davidson, Jr. |
| FELONY CLASS: | class one (1) felony and Count II of the Indictment |
| IN VIOLATION OF A.R.S. §§: | 13-1105, 13-1101, 13-604, 13-703 and 13-701 |
| DATE OF OFFENSE: | on or about the 28th day of September, 1994 |
| SENTENCE: | committed to a LIFE term in the Department of Corrections |

| | NONDANGEROUS | XX | DANGEROUS PURSUANT TO A.R.S. §13-604 |

| XX | NONREPETITIVE | | REPETITIVE PURSUANT TO A.R.S. §13-604 |

| | NONDANGEROUS BUT VIOLATIVE OF A.R.S. §13-604.01(B) | | DANGEROUS AND VIOLATIVE OF A.R.S.§13-604.01(A) |

This sentence is to date from this date, August 21, 1995. The Defendant is to be given credit for 337 days served prior to sentencing.

IT IS ORDERED: That the Defendant must serve every day of twenty-five (25) years of the sentence imposed before he is eligible for any type of release.

IT IS FURTHER ORDERED: That pursuant to A.R.S. §13-603(1), the Defendant will be required to do mandatory community supervision sentence—one day for every seven days sentenced to, for a total of 3 years, 7 months.

## RESTITUTION

IT IS ORDERED: That the Defendant shall pay restitution to the victim of this crime for their economic loss through the Clerk of the Superior Court, P.O. Drawer CK, Bisbee, AZ 85603, in the total amount of $3,610.00.

Page 3

169

# EXHIBIT 2

**ARIZONA DEPARTMENT OF CORRECTIONS**
**RELEASE DATE CALCULATION**
**FOR OFFENSES COMMITTED ON OR AFTER JANUARY 1, 1994**

NAME: _Crago, Earl_     ADC#: _115357_     BY: _R. J. Smith_

CAUSE#: _94000471_     LOCATION: _Florence  CB-6_

**Reason for Time Computation:**
[ ] Initial
[ ] Change in time credits to Class ____
    eff. _____ for _____ days.
[ ] Change in Sentence
[ ] Forfeiture of _____ days release
    per Director's letter dated _____
[ ] Extension of Class ____ for ____
    days, eff. _____
[✓] Other

Tentative Release Dates are projected upon placement or return to Class I effective _N/A_

_N/A_  **TEMPORARY RELEASE DATE**

_N/A_  **ERCD/COMM.SUPER.DATE**

_9-17-2019_ **SED/COMM.SUPER.DATE**

_4-13-2023_ **COMMUNITY SUPER.END DATE**

The Earned Release Credit Dates are projected and reflect release credits earned and to be earned. In accordance with ARS 41-1604.10, release credits earned do not reduce the term imposed. This change in law was effective 08-13-86. The Sentence Expiration date will not change.

Earned release credits only affect the Earned Release Credit Date. When earned release credits plus the actual time served by the inmate equals the sentence imposed by the court, the inmate has achieved his/her Earned Release Credit Date.

Date Computed: _3-7-96_

TIME COMPUTATION

**"INMATE COPY"**

DISTRIBUTION:  WHITE - C.O. FILE  YELLOW - INMATE   PINK - INSTITUTION FILE

Form: 41001029
Rev: 04/19/94

"SED" means "Sentence Expiration Date"

page 1 of 1.

# EXHIBIT 3

 

2-A22

# ARIZONA DEARTMENT OF CORRECTIONS
## APSC - TUCSON
## MANZANITA UNIT

### Inmate Grievance Response

Case Number: C15-043-008

Inmate Name: Crago, E          ADC#:  115357          Location: Manzanita Unit

Summary of Inmate Grievance;

In your grievance you state AIMS and the public web-site is incorrectly showing your release date as life when it should read 25 years.

Explanation of Unit Investigation;

I have reviewed AIMS screen, the public web-site, and your sentencing documents. Additionally, I have contacted Ms. Cain, Time Computation Unit Manager regarding your dates. Honoralbe Borowiec sentenced you to a term of life which is reflected AIMS and the public web-site. Your sentencing document for CR94000471 also states you must serve "every date of twenty-five (25) years for the sentence imposed before he is eligible for any time of release."

Truth-in-sentencing does not address a sentence of life sentence with a minimuin time served of 25 years. This question is at the Attorney General for interpretation.

I have reviewed you grievance in detail;

Life sentences over-ride all sentences therefore your release date of life is correct and no changes will be made to your dates. Sentences of this type are at the Attorney General's office for interpretation. If a change results from this review, then AIMS will be updated.

You have ten days to appeal this decision.

Brewto
_____
Grievance Coordinator—Manzanita Unit

2/29/08
_____
Date

Exh. B

# EXHIBIT 4

A.R.S. § 13-603                                                                                    Page 2

by law, order the forfeiture, suspension or revocation of any charter, license, permit or prior approval granted to the person or enterprise by any department or agency of the state or of any political subdivision.

H. A court authorized to pass sentence upon a person convicted of any offense defined within or without this title shall have a duty to determine and impose the punishment prescribed for such offense.

I. If a person is convicted of a felony offense and the court sentences the person to a term of imprisonment, the court at the time of sentencing shall impose on the convicted person a term of community supervision. The term of community supervision shall be served consecutively to the actual period of imprisonment if the person signs and agrees to abide by conditions of supervision established by the state department of corrections. Except pursuant to subsection J, the term of community supervision imposed by the court shall be for a period equal to one day for every seven days of the sentence or sentences imposed.

J. In calculating the term of community supervision, all fractions shall be decreased to the nearest month, except for a class 5 or 6 felony which shall not be less than one month.

K. Notwithstanding subsection I, if the court sentences a person to serve a consecutive term of probation immediately after the person serves a term of imprisonment, the court may waive community supervision and order that the person begin serving the term of probation upon the person's release from confinement. The court may retroactively waive the term of community supervision or that part remaining to be served if the community supervision was imposed before July 21, 1997. If the court waives community supervision, the term of probation imposed shall be equal to or greater than the term of community supervision that would have been imposed. If the court does not waive community supervision, the person shall begin serving the term of probation after the person serves the term of community supervision. The state department of corrections shall provide reasonable notice to the probation department of the scheduled release of the inmate from confinement by the department.

L. If at the time of sentencing the court is of the opinion that a sentence that the law requires the court to impose is clearly excessive, the court may enter a special order allowing the person sentenced to petition the board of executive clemency for a commutation of sentence within ninety days after the person is committed to the custody of the state department of corrections. If the court enters a special order regarding commutation, the court shall set forth in writing its specific reasons for concluding that the sentence is clearly excessive. The court shall allow both the state and the victim to submit a written statement on the matter. The court's order, and reasons for its order, and the statements of the state and the victim shall be sent to the board of executive clemency.

CREDIT(S)

Added as § 13-703 by Laws 1977, Ch. 142, § 48, eff. Oct. 1, 1978. Renumbered as § 13-603 and amended by Laws 1978, Ch. 201, §§ 98, 100, eff. Oct. 1, 1978. Amended by Laws 1983, Ch. 123, § 1; Laws 1984, 1st S.S., Ch. 11, § 2, eff. July 1, 1985 and § 3, eff. July 1, 1988; Laws 1984, Ch. 123, § 1, eff. Aug. 3, 1984, and § 2, eff. July 1, 1985 and § 3, eff. July 1, 1988; Laws 1984, Ch. 124, § 1, eff. Aug. 3, 1984, and § 2, eff. July 1, 1985 and § 3, eff. July 1, 1988; Laws 1986, Ch. 248, § 2; Laws 1992, Ch. 110, § 1, eff. June 2, 1992; Laws 1993, Ch. 255, § 6, eff. Jan. 1, 1994; Laws 1995, Ch. 188, § 1; Laws 1995, Ch. 199, § 2; Laws 1997, Ch. 56, § 1; Laws 2001, Ch. 334, § 6.

    [FN1] Sections 13-701 et seq., 13-801 et seq., and 13-901 et seq.

APPLICATION

    <Laws 1993, Ch. 255, § 99, as amended by Laws 1994, Ch. 236, § 17, effective July 17, 1994, retroactively effective to January 1, 1994, provides:>

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

42/us

Westlaw.

A.R.S. § 13-703

ARIZONA REVISED STATUTES ANNOTATED
TITLE 13. CRIMINAL CODE
CHAPTER 7. IMPRISONMENT
Copr. (C) West 1994. All rights reserved.

§ 13-703. Sentence of death or life imprisonment; aggravating and mitigating circumstances; definition

A. A person guilty of first degree murder as defined in § 13-1105 shall suffer death or imprisonment in the custody of the state department of corrections for life as determined and in accordance with the procedures provided in subsections B through G of this section. If the court imposes a life sentence, the court may order that the defendant not be released on any basis for the remainder of the defendant's natural life. An order sentencing the defendant to natural life is not subject to commutation or parole, work furlough or work release. If the court does not sentence the defendant to natural life, the defendant shall not be released on any basis until the completion of the service of twenty-five calendar years if the victim was fifteen or more years of age and thirty-five years if the victim was under fifteen years of age.

B. When a defendant is found guilty of or pleads guilty to first degree murder as defined in § 13-1105, the judge who presided at the trial or before whom the guilty plea was entered, or any other judge in the event of the death, resignation, incapacity or disqualification of the judge who presided at the trial or before whom the guilty plea was entered, shall conduct a separate sentencing hearing to determine the existence or nonexistence of the circumstances included in subsections F and G of this section, for the purpose of determining the sentence to be imposed. The hearing shall be conducted before the court alone. The court alone shall make all factual determinations required by this section or the constitution of the United States or this state.

C. In the sentencing hearing the court shall disclose to the defendant or defendant's counsel all material contained in any presentence report, if one has been prepared, except such material as the court determines is required to be withheld for the protection of human life. Any presentence information withheld from the defendant shall not be considered in determining the existence or nonexistence of the circumstances included in subsection F or G of this section. Any information relevant to any mitigating circumstances included in subsection G of this section may be presented by either the prosecution or the defendant, regardless of its admissibility under the rules governing admission of evidence at criminal trials, but the admissibility of information relevant to any of the aggravating circumstances set forth in subsection F of this section shall be governed by the rules of evidence at criminal trials. Evidence admitted at the trial, relating to such aggravating or mitigating circumstances, shall be considered without reintroducing it at the sentencing proceeding. The prosecution and the defendant shall be permitted to rebut any information received at the hearing and shall be given fair opportunity to present argument as to the adequacy of the information to establish the existence of any of the circumstances included in subsections F and G of this section. The burden of establishing the existence of any of the circumstances set forth in subsection F of this section is on the prosecution. The burden of establishing the existence of the circumstances included in subsection G of this section is on the defendant. The court shall return a special verdict setting forth its findings as to the existence or nonexistence of each of the circumstances set forth in subsection F of this section and as to the existence of any of the circumstances included in subsection G of this section.

E. In determining whether to impose a sentence of death or life imprisonment, the court shall take into account the aggravating and mitigating circumstances included in subsections F and G of this section and shall impose a sentence of death if the court finds one or more of the aggravating circumstances enumerated in subsection F of this section and that there are no mitigating circumstances sufficiently substantial to call for leniency.

F. Aggravating circumstances to be considered shall be the following:

1. The defendant has been convicted of another offense in the United States for which under Arizona law a sentence

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

EXHIBIT U
9th Ct Appls Order 3/13/14

**FILED**

UNITED STATES COURT OF APPEALS

MAR 13 2014

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EARL FELTON CRAGO, Jr., | No. 13-73476 |
| Petitioner, | |
| v. | ORDER |
| RICHARD A. BOCK, | |
| Respondent. | |

Before:    PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

The application for authorization to file a second or successive 28 U.S.C.

§ 2254 habeas corpus petition in the district court is denied as unnecessary because

the 2011 state court decisions effectively amended the petitioner's judgment of

conviction by removing the community supervision provision from his sentence.

Petitioner therefore need not obtain authorization from this court to file a second-

in-time § 2254 habeas petition. *See Magwood v. Patterson*, 130 S. Ct. 2788

(2010); *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012).

If petitioner files a habeas petition in the district court, petitioner shall

provide the district court with a copy of this order.