Earl F. Crago 115357
ASPC-LEWIS-RAST
PO BOX 70
BUCKEYE, AZ. 85326

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Earl Felton Crago,

    Petitioner,

v.

David Shinn, et al,

    Respondents.

No. CV 22-00339-TUC-JAS (LAB)

SUPPLEMENT TO REPLY (DKT 16)

FOR GOOD CAUSE

    Mr. Crago humbly request that the court consider this supplement to his reply (DKT 16) for good cause. Mr. Crago is a prisoner and the ADC does not provide inmates with access to case reporters. Mr. Crago has now come into possession of relevant case reports on the procedural issues raised by Respondents.

    Respondents have requested summary dismissal of ground one in the habeas petition for the following four issues: (1) The 2020 state court decision was not an amendment of sentence; (2) The current habeas petition was untimely filed; (3) Ground one was not presented to the state court as a federal claim. (4) Because the state court of Appeal ruled the ground one claim was precluded by a ruling on the merits in 2011 the federal court is now precluded from hearing the claim.

    Mr. Crago supplements his reply as follows.

    Issues numbers 1 and 2 are dependant upon one another. If the 2020 Superior court ruling was an amendment of/to the 2011 amendment of sentence then the habeas petition is timely filed.

The 2011 amendment of sentence ordered Mr. Crago to serve life without release unless granted commutation. DKT 1-1 pg 92-93 ¶11.

The 2020 amendment of sentence ordered that Mr. Crago be released immediately without a grant of commutation. Id. at 103.

Clearly the 2020 ruling was an amendment to the 2011 sentence order.

Issue No. 3.

Ground one was exhausted in the state courts. Both the facts and the law of the federal claim were presented to the state court. The state court could not have decided the subject-matter jurisdiction claim without implicitly ruling on the federal claim.

Mr. Crago's 2020 petition argued "the court lacks jurisdiction to correct an illegally lenient sentence absent timely correction or appeal." and cited Chaparro v. Shinn, 248 Ariz 138, 142-43 (2020). DKT 15 Exh. O pg 3.

Rule 32 Counsel filed a Memorandum to the Superior Court arguing "In the absence of a timely appeal or cross appeal by the state seeking to correct an illegally lenient sentence, an appellate court has no subject matter jurisdiction to consider that issue.' State v. Dawson, 164 Ariz. 278, 286, 792 P.2d. 741, 749 (1990); see also Chaparro v. Shinn, 248 Ariz. 138, 459 P.3d 50, 52 ¶19 (2020) ('Illegally lenient sentences are final under Arizona law absent timely appeal or post-judgment motion.')" DKT 15 Exh. P pg. 5.

The 2020 Superior Court then granted Mr. Crago full relief and ordered his immediate release. After holding an evidentiary hearing, the court ruled "HIS ILLEGALLY LENIENT SENTENCE IS FINAL UNDER ARIZONA LAW. SEE CHAPARRO V. SHINN, 248 ARIZ. 138, 143, 459 P.3D. 50, 55 (2020)". DKT 1-1 pg 103.

The state petitioned the Arizona Court of Appeal arguing the 2020 Superior court was precluded from overturning the 2011 amendment of sentence because the 2011 amendment was a ruling on the merits. DKT. 15 Exh. S pg 2.

In responding to the state's petition for review Mr. Crago was not required to reargue all of the facts, but rather was only required to show that the 2020 Superior court decision was not an abuse of discretion. Mr. Crago argued that the 2011 amendment of sentence was contrary to Chaparro V. Shinn, 248 Ariz 138, 139 (2020), because the court did not have jurisdiction to correct an illegally lenient sentence absent timely appeal. DKT 15 Exh. T.

The Arizona Court of Appeals held that because the 2011 amendment of sentence was a ruling on the merits Mr. Crago was now precluded from relitigating the claim in 2020. The court went on to say Mr. Crago waived the subject matter jurisdiction claim by not raising it in prior filings, and the court said that the order for release to community supervision was a nulity because Mr. Crago's sentence was always life and he could only be released if granted commutation. DKT 1-1 pg 106-112.

Mr. Crago appealed to the Arizona Supreme Court again citing Chaparro V. Shinn, supra, and arguing the State Court did not have subject-matter jurisdiction in 2011 to amend his sentence. DKT 15 Exh. V.

Chaparro cites Dawson, and Dawson cites and quotes U.S. V. Wilson, 420 U.S. 332, 336 (1975); U.S. V. Sanges 144 U.S. 310, 318 (1892)("The state could not sue out a writ of error in a criminal

case unless the legislature had expressly granted it that right."). See State v. Dawson 164 Ariz. 278, 280 ¶1.

See also State v. Maldonado, 233 Ariz. 309, 311 ¶14 (2010); U.S. v. Cotton, 535 U.S. 625, 630 (2002) ("a court that lacks subject-matter jurisdiction cannot adjudicate the action").

The Arizona law for subject-matter jurisdiction flows directly from the federal law as defined by decisions from SCOTUS.

Federal law holds that if the state court could not have decided the state claim without implicitly ruling on the federal claim then the claim is exhausted for purposes of federal habeas review. Lufkins v. Solem, 716 F.2d 532, 536-37 (8th Cir. 1983), cert. denied, 467 U.S. 1219 (1984); Vela v. Estelle, 708 F.2d 954, 960 (5th Cir. 1983), cert. denied, 464 U.S. 1053 (1984).

Issue No. 4

Ground one's subject-matter jurisdiction claim is not precluded. Claim and issue preclusion, on their own terms, apply only to a judgment or ruling issued by a body with subject-matter jurisdiction. Therefore, a judgment made by a court lacking subject-matter jurisdiction is void and subject to collateral attack. This is because a court simply cannot hear a case over it which it has no jurisdiction. Legacy Foundation Action Fund v. Citizens Clean Elections..., 252 Ariz. 499, 506-08 ¶¶ 30-31, 37-38 (2022)

See also U.S. v Cotton, 535 U.S. 625, 630 (2002) ("Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Consequently, defects in subject-

matter jurisdiction require correction regardless of whether error was raised in district [lower] court."); Albino v. Baca (9th Cir. 2014), 747 F.3d 1162, 1170 ("defect in subject-matter jurisdiction [] is a non-waivable defect."); State v. Maldonado, 223 Ariz. 309, 311 ¶14 (2010) ("a court that lacks subject-matter jurisdiction cannot adjudicate the action.")

The law controlling whether a state court in Arizona has subject matter jurisdiction to correct an unlawful sentence is A.R.S. 13-4032(5) and Ariz. R. Crim. P. 24.3. These laws hold that a state court does not have subject-matter jurisdiction to correct/amend an illegally lenient sentence unless a timely appeal by the state is filed within 20 days of the judgement of conviction issuing or unless the trial court sua sponte corrects the sentence within 60 days of judgment of conviction. State v. Dawson, 164 Ariz. 278 (1990); Chaparro v. Shinn, 248 Ariz. 138 (2020).

The 9th Circuit court of Appeal ruled that the 2011 state court decision amended Mr. Crago's sentence by removing the community supervision release provision. DKT 16 Exh. U pg. 1.

The claim of subject matter jurisdiction was not precluded, waived or forfeited as the 2021 Arizona Court of Appeal erroneously ruled it was.

## CONCLUSION

The Subject Matter Jurisdiction claim was properly exhausted in a complete round of collateral review in state court. The claim is not precluded, forfeited, or waived. This Court has jurisdiction and authority to hear the claim on the merits and to grant the writ.

5/6

Dated: January 10, 2023          By Earl F Crago
                                    Petitioner Pro Se

I certify this case is subject to general order 14-17 and I delivered the foregoing to prison officials for e-filing on January 10, 2023.

                                    By Earl F Crago