**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Earl Felton Crago, Jr., <br><br> Petitioner, <br><br> vs. <br><br> David Shinn; et al., <br><br> Respondents. | No. CV 22-00339-TUC-JAS (MAA) <br><br> **REPORT AND RECOMMENDATION** |

Pending before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on July 29, 2022, by Earl Felton Crago, Jr., an inmate confined in the Arizona State Prison Complex in Buckeye, Arizona. (Doc. 1)

Pursuant to the Rules of Practice, this matter was referred to Magistrate Judge Ambri for report and recommendation. (Doc. 2)

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the petition. It is a "second or successive" petition, and this court is without jurisdiction to address it.

Summary of the Case

Crago was convicted of first-degree murder after a jury trial in 1994. *State v. Crago*, No. 2 CA-CR 2021-0011-PR, 2021 WL 1149106, at *1 (Ariz. Ct. App. Mar. 25, 2021). The trial court sentenced him to a term of "life" in the Department of Corrections. *Id*. The trial court further explained that Crago "must serve every day of twenty-five (25) years of the sentence

imposed before he is eligible for any type of release." *Id*. Finally, the court ordered that Crago was "required to do [a] mandatory community supervision sentence – one day for every seven days sentenced to, for a total of 3 years, 7 months." *Id*. The community supervision order, however, was error. *State v. Crago*, No. 2 CA-CR 2011-0162-PR, 2011 WL 4014450 (Ariz. Ct. App. Sept. 9, 2011). It would have been appropriate if Crago had been sentenced to a term of imprisonment lasting 25 years. Crago, however, was sentenced to life imprisonment.

Crago filed a direct appeal and three post-conviction relief (PCR) petitions challenging various aspects of his trial and his representation. (CV 05-772 TUC FRZ, Docs. 34, 37) He filed in this court a Petition for Writ of Habeas Corpus on December 27, 2005. *Id*. The petition was dismissed as time-barred on December 31, 2008. *Id*. The Ninth Circuit denied Crago's petition for a certificate of appealability on February 5, 2009. (CV 05-772 TUC FRZ, Doc. 43)

"In 2010, Crago filed his fifth petition for post-conviction relief" in state court. *State v. Crago*, No. 2 CA-CR 2011-0162-PR, 2011 WL 4014450 (Ariz. Ct. App. Sept. 9, 2011). He noticed that the Arizona Department of Corrections (ADOC) records from 1996 "showed his community supervision term beginning on September 17, 2019 and ending on April 13, 2023." *Id*. at *1. ADOC records from 2006, however, "showed a life sentence without community supervision." *Id*. Based on this change in the records, Crago argued in his post-conviction relief petition that the ADOC had improperly amended his sentence. *Id*. The trial court denied the petition holding that Crago was sentenced to life in prison, not a term of twenty-five years. *Id*. at *2.

On review, the Arizona Court of Appeals held, on September 9, 2011, that Crago's claim was precluded because it had been raised previously. *Id*. at *3. The court further explained that Crago's "sentence was and always has been one of life, and his sentence expiration date was and always has been the end of his life." *Id*. at *3. "Accordingly, the [trial] court correctly concluded the imposition of community supervision *was* contrary to law." *Id*. (emphasis in original). These state court decisions would later be construed by the Ninth Circuit as an implicit amendment of Crago's original judgment. (CV 14-2007-TUC-FRZ (LAB), Doc. 1-1, p. 9) The court will refer to this implicit amended judgment as the "2011 judgment."

On March 12, 2012, Crago filed in this court his second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (CV 12-0176 TUC FRZ (BPV), Doc. 1)  The petition was dismissed as "second or successive" on April 4, 2012. (CV 12-0176 TUC FRZ (BPV), Doc. 5)  The court gave Crago a form to ask the Ninth Circuit for permission to file a "second or successive" petition. *Id.*

On March 13, 2014, however, the Ninth Circuit held that "the 2011 state court decisions effectively amended the petitioner's judgment of conviction by removing the community supervision provision from his sentence." (CV 14-2007-TUC-FRZ (LAB), Doc. 1-1, p. 9)  Accordingly, Crago could file his petition for writ of habeas corpus without obtaining the prior authorization required for filing a "second or successive" petition. *Id.*  In other words, his proposed petition was not an impermissible second challenge to his original judgment. It was his first challenge to the "2011 judgment."

Having received the approval of the Ninth Circuit, Crago filed in this court a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 7, 2014. (*Id.*, Doc. 1)  The petition was stayed while Crago exhausted his seventh post-conviction relief (PCR) proceeding. On July 31, 2015, Crago filed an amended petition. (*Id.*, Doc. 25)  The amended petition was denied on April 26, 2016. *Crago v. Ryan*, No. CV-14-02007-TUC-FRZ, 2016 WL 1644055, at *1 (D. Ariz. Apr. 26, 2016), *aff'd*, 735 F. App'x 360 (9th Cir. 2018).

Crago filed his ninth PCR petition in state court on December of 2019. *State v. Crago*, No. 2 CA-CR 2021-0011-PR, 2021 WL 1149106, at *1 (Ariz. Ct. App. Mar. 25, 2021); (Doc. 1-1, p. 95).  He "argued he was being held beyond the term of his sentence" because "the sentencing court effectively capped his sentence to the minimum allowed of 25 years, which he had completed." *Crago,* 2021 WL 1149106, at *1. He acknowledged that this 25-year term was not authorized when he was sentenced, but he cited *Chaparro v. Shinn*, 248 Ariz. 138 (2020) "for the proposition that if the state fails to timely correct or appeal an illegally lenient sentence, then the illegally lenient sentence is final under Arizona law." *Id.* (punctuation modified). The trial court agreed.

On October 29, 2020, the trial court found that Crago "was eligible for release after serving 25 years pursuant to his sentence and ordered that he be placed on community supervision for the term imposed by the sentencing judge." *Crago,* 2021 WL 1149106, at *1; *see also* (Doc. 1-1, pp. 95-101)  The trial court further found that "*Chaparro* was a significant change in the law," and therefore Crago's sentencing issue was not precluded even though it was "previously raised in post-conviction relief proceedings." *Crago,* 2021 WL 1149106, at *1.

On review, the Arizona Court of Appeals reversed the trial court on March 25, 2021. *State v. Crago*, No. 2 CA-CR 2021-0011-PR, 2021 WL 1149106, at *1 (Ariz. Ct. App. Mar. 25, 2021). The court found that Crago's sentencing claim was precluded because the issue had been previously raised and addressed on the merits in his fifth PCR proceeding. *Id.* at *3. Moreover, Crago could not proceed pursuant to the Rule 32.1(g) exception to the preclusion rule because *Chaparro* was not "a significant change in the law." *Id.* at *3-*5. This order from the Arizona Court of Appeals effectively reinstated the "2011 judgment."

On July 29, 2022, Crago filed in this court the pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1)  He claims (1) he was given a sentence of 25-years' incarceration followed by 3 years 7 months community supervision, which was an illegally lenient sentence that now cannot be changed, and (2) trial counsel was ineffective for advising him to plead self defense and testify that he shot the victim in the back to prevent him from retrieving his gun. (Doc. 1, pp. 16-27)

The respondents filed a limited answer on December 6, 2022. (Doc.15)  They argue, among other things, that the petition must be dismissed as "second or successive." *Id.* Crago filed a reply on December 20, 2022 and a supplement on January 10, 2023. (Doc. 16); (Doc. 17)  This court finds that the petition is "second or successive" and must be dismissed. The court does not reach the respondents' alternative arguments.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. A petitioner, such as

Crago, who is "in custody pursuant to the judgment of a State court" proceeds pursuant to 28 U.S.C. § 2254.

The rules ordinarily permit only one habeas petition per judgment. *See* 28 U.S.C. § 2244. A petitioner may bring a "second or successive" petition but only under certain specific, narrowly-drawn circumstances. *See* 28 U.S.C. § 2244(b)(2). Before a "second or successive" petition may be filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). If the petition has not been approved by the court of appeals, the district court is "without jurisdiction to entertain it." *Burton v. Stewart*, 549 U.S. 147, 153, 127 S.Ct. 793, 798 (2007).

A second petition does not require prior authorization pursuant to § 2244(b)(3)(A) if it challenges a new judgment. *Wentzell v. Neven*, 674 F.3d 1124, 1126–27 (9th Cir. 2012) (citing *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788 (2010)). For example, Crago's habeas petition filed in this court in April of 2014 was not "second or successive" because it challenged a new judgment – the "2011 judgment." This is the judgment that was implicitly imposed by the 2011 state court decisions, which "effectively amended the petitioner's judgment of conviction by removing the community provision from his sentence." (CV 14-2007-TUC-FRZ (LAB), Doc. 1-1, p. 9) This court erroneously ruled that it was a "second or successive" petition, but the Ninth Circuit reversed and permitted Crago to file his petition without the need for prior authorization. *Id.*

Crago's pending petition, however, is a "second or successive" petition because it is his second petition to challenge that "2011 judgment." Crago has not obtained the necessary authorization from the appropriate court of appeals. Accordingly, this court is without jurisdiction over his petition, and it must be dismissed. *See Burton v. Stewart*, 549 U.S. 147, 157, 127 S. Ct. 793, 799, (2007).

In his reply brief, Crago argues that his petition is not "second or successive." (Doc. 16, pp. 9-10) He asserts that the trial court's determination on October 29, 2020 that he has a 25-

year sentence amended the "2011 judgment." *Id.* And after an amendment, a subsequent habeas petition is not "second or successive." *Id.* The court does not agree.

The trial court did amend Crago's judgment on October 29, 2020. (Doc. 1-1, pp. 95-101); (Doc. 15-2, pp. 27-33) But on March 25, 2021, the Arizona Court of Appeals reversed that decision and effectively reinstated the "2011 judgment." *State v. Crago*, No. 2 CA-CR 2021-0011-PR, 2021 WL 1149106 (Ariz. Ct. App. Mar. 25, 2021); (Doc. 15-2, pp. 76-83). The net effect of those two decisions was to put Crago back in the place he was originally, that is, subject to the "2011 judgment." He is still "in custody" pursuant to the "2011 judgment," which is the judgment that he must challenge in his habeas corpus petition. *See* 28 U.S.C. § 2254. This is, however, his second petition challenging that "2011 judgment." His pending petition therefore is a "second or successive" petition, and because it has not been authorized by the court of appeals, it must be dismissed. *See Hampton v. Madden*, 2020 U.S. App. LEXIS 3680, *1 (9th Cir. 2020) ("Neither the superior court's order granting habeas relief, *which was reversed*, nor any other document in the record constitutes a new judgment under *Magwood v. Patterson* . . . and *Wentzell v. Neven* . . . .") (emphasis added).

Crago, however, advances a second argument for why his petition is not "second or successive." (Doc. 16, pp. 9-10) He maintains that the Arizona Court of Appeals erred when it reversed the trial court and found that his sentencing claim was precluded in its order of March 25, 2021. For support he cites to *United States v. Cotton*, 535 U.S. 625, 630 (2002) and *State v. Maldonado*, 223 Ariz. 309, 311 (2010), which, he says, stand for the proposition that a "claim of subject matter jurisdiction can never be waived or forfeited, or precluded." (Doc. 16, p. 10) He asserts as follows: "Mr. Crago files this petition based on the 2020 amendment of the unconstitutional 2011 amendment." (Doc. 16, p. 10) Apparently, Crago is arguing that the decision of the Court of Appeals was error, and therefore the trial court's decision, which amended the "2011 judgment," is good law. And, because there has been an intervening amendment, his petition is not "second or successive." Crago's argument, however, puts the cart before the horse.

Before this court can consider Crago's claim of error on the merits, it must first determine whether this is a "second or successive" petition. And to determine that, the court asks: What judgment is the petitioner challenging? *See Magwood v. Patterson*, 561 U.S. 320, 332–33, 130 S. Ct. 2788, 2797 (2010) ("[B]oth § 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged."). On March 25, 2021, the Arizona Court of Appeals reversed the trial court and effectively reinstated the "2011 judgment." *State v. Crago*, No. 2 CA-CR 2021-0011-PR, 2021 WL 1149106, at *1 (Ariz. Ct. App. Mar. 25, 2021). Crago is currently "in custody" pursuant to that "2011 judgment." His pending habeas petition challenges that judgment, for the second time. His pending petition is "second or successive."

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Dismissing the Petition for Writ of Habeas Corpus. (Doc. 1) It is a "second or successive" petition that has not been authorized by the court of appeals. 28 U.S.C. § 2244(b).

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response without the permission of the District Court.

DATED this 23rd day of May, 2023.

Honorable Michael A. Ambri
United States Magistrate Judge