Earl F. Crago #115357
ASPC-LEWIS-RAST
PO BOX 70
Buckeye AZ. 85326

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Earl Felton Crago, Jr., | NO. CV 22-00339-TUC-JAS |
| Petitioner, | PETITIONER'S OBJECTIONS |
| v. | TO THE MAGISTRATE'S |
| David Shinn, et al., | REPORT AND RECOMENDATIONS. |
| Respondent | (DKT 19) |

Petitioner Earl F. Crago objects to the R&R as follows:

I. THE LAW

The court must correct a defect in subject matter jurisdiction regardless of whether the error is being raised for the first time in a second/successive § 2254 petition. U.S. v. Cotton, 535 U.S. 625, 630 (2002) (Defects in subject matter jurisdiction require correction regardless of when the error is raised).

This is because a defect in subject matter jurisdiction can never be precluded, waived, or forfeited. A court simply can not hear a claim over which it does not have jurisdiction. Id.; Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014) ("a defect in subject matter jurisdiction [] is a non waivable defect").

"A question regarding the court's lack of jurisdiction over the subject matter [] may be raised at any time". State v. Vargas-Burgos, 162 Ariz. 325, 327 (1989).

## II. MAGISTRATE'S RECOMMENDATION

The Magistrate recommends that the District Court does not have jurisdiction to correct the defect in the state court's jurisdiction over the subject matter because Mr. Crago is raising the error for the first time in a second/successive §2254 petition. (DKT 19).

## III. FACTS RELEVANT TO MR. CRAGO'S OBJECTION.

1. Mr. Crago was sentenced to life with a mandatory sentence expiration date at the completion of 25 years imprisonment to then serve 3 years 7 months community supervision "one day for every seven days sentenced to." (DKT 1-1 p. 4).

2. Mr. Crago's sentence was illegally lenient but became a final binding lawful sentence after the state failed to timely appeal and the sentencing court failed to timely correct the sentence. (Superior Court's Decision and Order at DKT 1-1 p. 103).

3. In 2011, the Arizona Court of Appeal amended Mr. Crago's sentence from 25 determinate years to life imprisonment unless granted commutation by the governor of Arizona. (DKT 1-1, pp. 86-93).

4. Arizona Revised Statute 13-4032 and Ariz. R. Crim. P. 24.3 hold that the state court does not have subject matter jurisdiction to correct an illegally lenient sentence unless the state appeals within 20 days of pronouncement of sentence or the sentencing court corrects the error within 60 days.

5. On March 13, 2014 the Ninth Circuit held that "the 2011 state court decisions efectively amended the petitioner's judgment of conviction by removing the community supervision provision from his sentence" (DKT 19 p. 3 l. 6-8.).

6. In 2020, the Arizona Superior Court effectively ruled that the Arizona Court of Appeal did not have subject matter jurisdiction to amend Mr. Crago's illegally lenient sentence in 2011 and reinstated Mr. Crago's original sentence and ordered the state to release Mr. Crago from prison. (DKT 1-1 p. 103).

7. In 2021, the Arizona Court of Appeal ruled that the Superior court was precluded from hearing Mr. Crago's subject matter jurisdiction claim because the 2011 decision amending Mr. Crago's sentence was a ruling on the merits.[1] (DKT 1-1 pp. 105-112).

IV. ARGUMENT AND CONCLUSION/REQUEST FOR RELIEF

The 2011 Court Appeal did not have jurisdiction to amend Mr. Crago's sentence from 25 determinate years to life imprisonment unless granted commutation by a governor.

A claim of defect in subject matter jurisdiction can never be precluded, waived or forfeited. This means that the District Court can correct the error when it is raised in a second/successive § 2254 petition.

1. The Arizona Court of Appeal 2011 amendment of sentence is VOID because the court did not have subject matter jurisdiction. See Legacy Foundation... v. Citizens Clean Elections..., 252 Ariz. 499, 506-507

The Arizona Court of Appeals amendment to Mr. Crago's sentence amounted to a fundamental miscarriage of justice because the court did not have jurisdiction to change the sentence from 25 determinate years to life imprisonment 16 years after pronouncement of the original sentence.

Therefore, Mr. Crago objects to the Magistrate's recommendation that the District Court does not have jurisdiction to correct the defect in the subject matter jurisdiction.

This court has jurisdiction to correct the error regardless of when it is raised, in fact this court is mandated to correct such errors by SCOTUS as soon as the error comes to the court's attention, U.S. v. Cotton, 535 U.S. 625 and 630.

Mr. Crago respectfully request that the district judge remand the case to the magistrate judge with instructions to hear and address the subject matter jurisdiction claim on its merits.

Dated May 30 2023       By Earl F. Crago
                              Petitioner, Pro Se.

This case is subject to General Order 14-17 and I certify I gave the foregoing to officials for efiling on May 30, 2023
                              By Earl F. Crago

---

¶¶ 30-31 (2022)("Judgments of court lacking subject matter jurisdiction are void and subject to collateral attack").