Kristin K. Mayes
Attorney General
(Firm State Bar No. 14000)

Kathryn A. Damstra
Assistant Attorney General
Criminal Appeals Section
400 West Congress, Bldg. S–215
Tucson, Arizona  85701–1367
Telephone: (520) 628–6520
Kathryn.Damstra@azag.gov
E-mail:  CADocket@azag.gov
(State Bar Number 14384)

Attorneys for Respondents

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Earl Felton Crago, Jr.,<br>　　　　　Petitioner,<br><br>-vs-<br><br>Ryan Thornell, et al.,<br>　　　　　Respondents. | CV 22-00339-TUC-JAS<br><br>**RESPONSE TO PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION** |

Petitioner Earl Crago filed his third Petition for Writ of Habeas Corpus challenging a jury's 1995 verdict finding him guilty of first-degree murder committed in 1994, and the state trial court's imposition of a life sentence. Dkt. 1. In his Report and Recommendation (R&R), the Magistrate Judge found Cargo's petition to be an unauthorized second or successive habeas challenging the 2011 amended judgment, and recommended that be denied and dismissed with prejudice. Dkt. 19 at 5–7. Crago filed written objections. Dkt. 20. For the reasons explained below, Respondents respectfully request that this Court overrule Crago's objections, adopt the R&R, dismiss his petition with prejudice, and deny a certificate of appealability.

////

////

////

## I. Relevant Procedural Background.

After the jury found Crago guilty of first-degree murder, the state trial court sentenced him to life in prison with the possibility of release after 25 years. Dkt. 15–1 at 5, 36. The sentencing order also required Crago "to do mandatory community supervision" pursuant to former A.R.S. § 13–603(1), "one day for every day sentenced to, for a total of 3 years, 7 months." *Id*. at 5, 37.

In 2011, the Arizona Court of Appeals denied relief in Crago's petition for review challenging the state post-conviction relief (PCR) court's dismissal of his fifth PCR proceeding. *Id*. at 61–62. The appellate court agreed with the state PCR court that the imposition of a term of community supervision was contrary to state law, but did not convert Crago's life sentence into a 25-year sentence. *Id*. at 58, 67–68. Crago filed a second-in-time habeas petition on March 12, 2012, alleging that state court orders in his fifth PCR proceeding changed his sentence. *Crago v. Ryan*, CIV 12–0176–TUC–FRZ, dkt. 1. The Ninth Circuit agreed the 2011 orders effectively amended the judgment of conviction by the removing the community supervision requirement, obviating the need for authorization to file a successive petition. *Crago v. Bock*, No. 13–73476, dkt. 9 (9th Cir. order, March 3, 2014).

In his second-in-time petition, Crago raised constitutional challenges to his sentence and asserted a due process *Brady* violation. *Crago v. Ryan*, CIV 14–2007–TUC–FRZ, dkt. 1; dkt. 25. This Court adopted the Magistrate Judge's recommendation that Crago's petition be dismissed with prejudice because his sentencing claims were procedurally defaulted without excuse and his *Brady* claim lacked merit. *Id*., dkt. 47, dkt. 84. This Court granted a certificate of appealability as to the *Brady* claim. *Id*., dkt. 84. The Ninth Circuit affirmed this Court's judgment. *Id*., dkt. 91.

In his ninth PCR petition, Crago claimed that he was being held after the expiration of his sentence based on the argument, recycled from prior PCR petitions, that the trial court had sentenced him to a determinate 25-year sentence.

Dkt. 15–1 at 122–25. He filed a supplemental petition, asserting that under *Chaparro v. Shinn*, 459 P.3d 50 (Ariz. 2020)—which he asserted was a significant change in the law—the state courts lacked jurisdiction to correct his "illegally lenient sentence" and their 2011 rulings were "void." Dkt. 15–2 at 5–6. Appointed counsel filed a memorandum expanding that argument. *Id*. at 17–23.

The state PCR court agreed with Crago and ordered that he be released on community supervision in compliance with the original sentencing order. *Id*. at 27–32. The State filed a petition for review in the Arizona Court of Appeals challenging the state PCR court's finding that *Chaparro* was a significant change in the law. *Id*. at 35–55. The appellate court granted review, found that *Chaparro* was not a significant change in the law and that the PCR court erred in concluding the issue was not precluded, and granted relief. *Id*. at 77, 82–83. The Arizona Supreme Court denied Crago's petition for review without comment. *Id*. at 102.

## II.   CURRENT PETITION.

In his third Petition for Writ of Habeas Corpus, Crago asserted that the Arizona Court of Appeals violated his Fifth and Fourteenth Amendment due process and equal protection rights by (allegedly) illegally amending his sentence in 2011. Dkt. 1 at 5, 16–21. He also asserted two claims of ineffective assistance of trial counsel. *Id*. at 7, 22–27.

Respondents argued that Crago's successive petition was unauthorized under 28 U.S.C. § 2244(b)(2) because Crago premised his arguments on the mistaken belief that the state courts had amended his 2011 judgment and sentence. Dkt. 1 at 13; Dkt. 15 at 8–9. Respondents additionally asserted that Crago's petition was time barred and procedurally barred without excuse. Dkt. 15 at 10–20.

The Magistrate Judge recommended that this Court dismiss Crago's petition because it is an unauthorized "second or successive" petition and this Court lacks jurisdiction to address it. Dkt. 19 at 1, 7. The R&R found that this is Crago's second petition challenging the 2011 judgment, explaining that although the state

3

PCR court had amended his 2011 sentence in ruling on his ninth PCR petition, the Arizona Court of Appeals reversed the lower court's amendment and reinstated the 2011 judgment. *Id*. at 5–6.

### III.  ARGUMENT.

Crago does not challenge the R&R's conclusion that his petition is an unauthorized second or successive petition, but asserts that this Court must decide the merits of his claim despite his failure to obtain authorization. Dkt. 20 at 1. He asserts that in 2011, the Arizona Court of Appeals did not have jurisdiction to amend his sentences "from 25 determinate years to life imprisonment unless granted commutation by a governor."[1]  Dkt. 20 at 3–4. Crago equates that purported lack of jurisdiction to a lack of subject matter jurisdiction that can be raised at any time, even in an unauthorized successive petition. *Id*. at 1–4. However, Crago cites no authority granting this Court jurisdiction to consider an unauthorized second or successive petition when state court subject matter jurisdiction is raised. *Id*.

Crago challenged the 2011 "effective amendment" of his judgment and sentence in his second-in-time habeas petition. *Crago v. Ryan*, CIV 14–2007–TUC–FRZ, dkt. 1, 25. His current petition challenges that same judgment, which was not changed by the state courts. Dkt. 1 at 5, 16–21, 15–1 at 77–83. The United States Supreme Court held that the bar created by 28 U.S.C. § 2254(b) applies to a second or successive application challenging the same state court judgment. *Magwood v. Patterson*, 561 U.S. 320, 331–33 (2010).

////

////

---

[1] Contrary to his repeated assertions, Crago's sentence is—and always has been—a life sentence. Dkt. 15–1 at 66–67; Dkt. 15–2 at 81, 83. As the Arizona Court of Appeals explained, the imposition of community supervision had no effect on Crago's life sentence. *Crago v. Ryan*, CIV 14–2007–TUC–FRZ, dkt. 30–5 at 9.

4

## IV. CONCLUSION

Based on the foregoing authorities and arguments, Respondents respectfully request that this Court overrule Crago's objections to the R&R, adopt the R&R, dismiss and deny his Petition for Writ of Habeas Corpus with prejudice, and deny a certificate of appealability.

Respectfully submitted this 14th day of June, 2023.

        Kristin K. Mayes
        Attorney General

        J.D. Nielsen
        Habeas Unit Chief

        s/ Kathryn A. Damstra
        Assistant Attorney General
        Attorneys for Respondents

# CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2023, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and served the attached document by mail on the following, who is not a registered participant of the ECF System:

Earl Felton Crago Jr., #115357
ASPC Lewis – Rast Unit
P.O. Box 3600
Buckeye, AZ 85326

Petitioner, Pro Se


s/ Y. Garcia

U2FAVOQJ0EFDH2